UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TECH 7 SYSTEMS, INC.,

    Plaintiff,

       v.                                                                        Civil Action No. 08-0436 (JDB)

VACATION ACQUISITION, LLC, d/b/a
VACATION EXPRESS,

    Defendant.

# ORDER

In this action, filed on March 13, 2008, plaintiff Tech 7 Systems, Inc. ("Tech 7") has sued defendant Vacation Acquisition, LLC, d/b/a Vacation Express ("Vacation Express") alleging breach of contract and misappropriation of intellectual property. Simultaneous with the filing of the complaint, Tech 7 also filed a motion for a temporary restraining order, seeking to enjoin Vacation Express from preventing remote electronic access to and physical inspection of its software system, which allegedly violates Tech 7's contractual rights derived from a contract dating back to 1990. Having considered the parties' representations during the teleconference held with the Court on March 17, 2008, and the parties' memoranda and supporting affidavits, the Court concludes that the motion should be denied.

The standard for issuance of the "extraordinary and drastic remedy" of a temporary restraining order or a preliminary injunction is very high, see Mazurek v. Armstrong, 520 U.S. 968, 972 (1997), and by now well established. The movant must demonstrate: (1) a substantial likelihood of success on the merits of its claims; (2) that it will suffer irreparable harm if an

1

injunction is not granted; (3) that the issuance of an injunction will not unduly or substantially harm other parties; and (4) that the public interest favors issuance of an injunction.  See, e.g., Davenport v. Int'l Bhd. of Teamsters, 166 F.3d 356, 360 (D.C. Cir. 1999); CityFed Fin. Corp. v. Office of Thrift Supervision, 58 F.3d 738, 746 (D.C. Cir. 1995).  These factors interrelate on a sliding scale and should be balanced against each other, but a showing of irreparable harm is especially important.  See Davenport, 166 F.3d at 361; Taylor v. Resolution Trust Corp., 56 F.3d 1497, 1506 (D.C. Cir. 1995); Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 842-43 (D.C. Cir. 1977).  "Where a party has made no showing of irreparable injury, injunctive relief may be unavailable regardless of the showings on the other factors."  Cornish v. Dudas, 2008 WL 577068, at *2 (D.D.C. Feb. 25, 2008) (citing CityFed Fin. Corp, 58 F.3d at 747).

      Tech 7 has not met its very high burden here.  Under the clear law in this circuit, the injury in support of a temporary restraining order "'must be both certain and great; it must be actual and not theoretical,'" and "'of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm.'"  Chaplaincy of Full Gospel Churches v. England, 454 F.3d 290, 297 (D.C. Cir. 2006) (quoting Wisc. Gas Co. v. FERC, 758 F.2d 669, 674 (D.C. Cir. 1985) (per curiam)).  Here, Tech 7 argues that its irreparable injury is its inability to "quantify the misuse of the software," its inability to calculate damages, its inability to protect its reputation "should an outside user have a negative experience with a product which it believes is a Tech 7 product," and the "irreparable consequences" that could follow if "the other 30+ companies who are currently abiding by the Tech 7 license requirements" believe Tech 7 lacks the ability to enforce the provisions of its license agreement.  Pl.'s Mot. at 8; Pl.'s Reply at 6.

Plainly, Tech 7's alleged injuries remain at this time largely speculative, and far short of the certainty and imminence that is required. Moreover, they will largely be redressed through discovery in this action and, if Tech 7 ultimately wins the case, damages or other relief.

Vacation Express has repeatedly offered "to take a snapshot of the software as it exists so that the evidence Tech 7 says it needs access to now is preserved for the pendency of the case" and to make no "further modifications of the software during the pendency of this litigation." Def.'s Opp. at 5. Although Tech 7 argues that a current "snapshot" would be insufficient because it may not encompass the entire software system if left to the discretion of Vacation Express, the Court will address this concern by ordering defendant to take a "snapshot" of the entire software system that Tech 7 originally provided along with any modifications that have been made, including the software used by affiliated entities if it originated through the Tech 7-Vacation Express contract. Additionally, the Court will order defendant to make no further modifications of the software, which provides further protection for Tech 7 should the "snapshot" not answer all of its questions.

It is noteworthy that Tech 7 waited almost a decade to bring this action. Tech 7's explanation for the delay is basically that it only recently learned of activities by Vacation Express that are allegedly in violation of the licensing agreement. But it appears that at least some elements of Tech 7's alleged cause of action and injury may have been known for years. For example, in 1997 Vacation Express stopped paying Tech 7 the monthly support fee under the contract and stopped using Tech 7 for maintenance or modifications. Def.'s Opp. at 2. And Vacation Express argues that, in 1999, "Tech 7 spent a week investigating the changes that Vacation Express had made to the software since the mid-1990s." Id. at 3. This history

contributes to the Court's conclusion that on the current record Tech 7 has not made the clear showing that is required to support the extraordinary injunctive relief it seeks.

Accordingly, and for these reasons, it is hereby

**ORDERED** that [3] Tech 7's motion for a temporary restraining order is **DENIED**; it is further

**ORDERED** that defendant Vacation Acquisition, LLC, d/b/a Vacation Express shall take a "snapshot" of the entire software system in dispute as it currently exists along with any modifications that have been made, including the software used by affiliated entities if it originated through the Tech 7-Vacation Express contract, so that the evidence is preserved for the pendency of this case; and it is further

**ORDERED** that defendant shall make no further modifications of the software system in dispute pending further order of the Court.

**SO ORDERED**.

/s/ John D. Bates
JOHN D. BATES
United States District Judge

Dated: March 21, 2008