## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **TECH 7 SYSTEMS, INC.,**<br>840 Courtland Avenue<br>Park Ridge, IL 60068 | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | **Civil Case No. 08-0436** |
| **VACATION ACQUISITION, LLC, d/b/a**<br>**VACATION EXPRESS**<br>301 Perimeter Center North, Suite 500<br>Atlanta, GA 30346<br>**Resident Agent:**<br>Corporate Service Company<br>2711 Centerville Road, Suite 400<br>Wilmington, DE 19808 | ) ) ) ) ) ) ) ) | |
| Defendant. | ) | |

### ANSWER AND AFFIRMATIVE
### DEFENSES OF DEFENDANT VACATION ACQUISITION, LLC

### ANSWER

Defendant, Vacation Acquisition, LLC, ("Vacation Express") by its undersigned attorneys, hereby answers Plaintiff Tech 7 Systems, Inc.'s Complaint for Injunctive Relief and Damages ("Complaint"), paragraph by paragraph as follows. As to the first unnumbered paragraph, Vacation Express states that this paragraph purports to state a legal conclusion as to which no response is required.

1. Vacation Express denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint.

2. Vacation Express denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint.

3. Vacation Express admits the allegations of paragraph 3 of the Complaint.

4.   Vacation Express denies the allegations of paragraph 4 of the Complaint.

5.   Vacation Express denies the allegations of paragraph 5 of the Complaint.

6.   Vacation Express denies knowledge or information sufficient to form a belief as to whether the parties are from different states and states that the remainder of paragraph 6 purports to state a legal conclusion as to which no response is required.  To the extent a response is required, Vacation Express denies the allegations of paragraph 6.

7.   Vacation Express states that paragraph 7 purports to state a legal conclusion as to which no response is required.  To the extent a response is required, Vacation Express denies the allegations of paragraph 7.

8.   Vacation Express states that paragraph 8 purports to state a legal conclusion as to which no response is required.  To the extent a response is required, Vacation Express denies the allegations of paragraph 8.

9.   Vacation Express denies the allegations of Paragraph 9 of the Complaint and refers to Exhibit 1 of the Complaint ("Sales and Licensing Agreement") for its contents, except admits that Vacation Express, Inc. entered into the Sales and Licensing Agreement on or about June 26, 1990 and that Vacation Express, Inc. was a predecessor of Vacation Acquisition, LLC.

10. Vacation Express denies the allegations of Paragraph 10 of the Complaint and refers to the Sales and Licensing Agreement for its contents.

11. Vacation Express denies the allegations of Paragraph 11 of the Complaint and refers to the Sales and Licensing Agreement for its contents.

12. Vacation Express denies the allegations of Paragraph 12 of the Complaint and refers to the Sales and Licensing Agreement for its contents, except states that Tech 7's right

to access Vacation Express's software was litigated before this Court and Vacation Express has implemented the Court's March 21, 2008 Order, which addressed this issue.

13. Vacation Express denies the allegations of Paragraph 13 of the Complaint and refers to the Sales and Licensing Agreement for its contents, except admits that Data Plus, Inc. has been a vendor in the past of predecessors of Vacation Express.

14. Vacation Express denies the allegations of Paragraph 14 of the Complaint and refers to the Sales and Licensing Agreement for its contents.

15. Vacation Express denies the allegations of Paragraph 15 of the Complaint and refers to the Sales and Licensing Agreement for its contents.

16. Vacation Express denies the allegations of Paragraph 16 of the Complaint, except admits that in 1998 Vacation Express was sold to NALG and continued to use the Tech 7 software.

17. Vacation Express denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18. Vacation Express denies the allegations of Paragraph 18 of the Complaint and refers to the Sales and Licensing Agreement for its contents, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint that neither NALG nor Flight Serve, Inc. asked Tech 7 to transfer the license and admits that the assets of Vacation Express were purchased by FlightServe, Inc. in 2003 and that the business continued to use the name Vacation Express.

19. Vacation Express denies the allegations of Paragraph 19 of the Complaint and refers to the Sales and Licensing Agreement for its contents, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 that in

4516001v1

December 2007, Tech 7 learned that Vacation Express was still using the Tech 7 software, and admits that the assets of Vacation Express were sold by FlightServe, Inc. to Vacation Acquisition, LLC, Vacation Acquisition did not obtain written consent of Tech 7 for transfer of Tech 7 software and Vacation Acquisition operates the business as Vacation Express and uses the Tech 7 software.

20. Vacation Express denies the allegations of Paragraph 20 of the Complaint and refers to the Sales and Licensing Agreement for its contents.

21. Vacation Express denies the allegations of Paragraph 21 of the Complaint and refers to Exhibit 2 for its contents, except admits that it received Exhibit 2 and did not allow Tech 7 access to the software.

22. Vacation Express states that paragraph 22 purports to state conclusions of law as to which no response is required. To the extent a response is required, Vacation Express denies the allegations of paragraph 22.

23. Vacation Express denies the allegations of Paragraph 23 of the Complaint and refers to the Sales and Licensing Agreement for its contents.

24. Vacation Express repeats its answers to paragraphs 1 through 23 as if fully set forth herein.

25. Vacation Express denies the allegations of Paragraph 25 of the Complaint and refers to the Sales and Licensing Agreement for its contents.

26. Vacation Express denies the allegations of Paragraph 26 of the Complaint.

27. Vacation Express states that paragraph 27 purports to state conclusions of law as to which no response is required. To the extent a response is required, Vacation Express denies the allegations of paragraph 27.

28. Vacation Express states that paragraph 28 purports to state conclusions of law as to which no response is required. To the extent a response is required, Vacation Express denies the allegations of paragraph 28. Vacation Express also states that the "Wherefore" paragraph that follows paragraph 28 purports to state conclusions of law as to which no response is required. To the extent a response is required, Vacation Express denies the Wherefore paragraph following paragraph 28.

29. Vacation Express repeats its answers to paragraphs 1 through 28 as if fully set forth herein.

30. Vacation Express denies the allegations of Paragraph 30 of the Complaint and refers to the Sales and Licensing Agreement for its contents.

31. Vacation Express states that paragraph 31 purports to state conclusions of law as to which no response is required. To the extent a response is required, Vacation Express denies the allegations of paragraph 31. Vacation Express also states that the "Wherefore" paragraph that follows paragraph 31 purports to state conclusions of law as to which no response is required. To the extent a response is required, Vacation Express denies the Wherefore paragraph following paragraph 31.

32. Vacation Express repeats its answers to paragraphs 1 through 31 as if fully set forth herein.

33. Vacation Express states that paragraph 33 purports to state conclusions of law as to which no response is required. To the extent a response is required, Vacation Express denies the allegations of paragraph 33.

34. Vacation Express denies the allegations of paragraph 34.

4516001v1

35. Vacation Express denies the allegations of paragraph 35. Vacation Express also states that the "Wherefore" paragraph that follows paragraph 35 purports to state conclusions of law as to which no response is required. To the extent a response is required, Vacation Express denies the Wherefore paragraph following paragraph 35.

36. Vacation Express repeats its answers to paragraphs 1 through 35 as if fully set forth herein.

37. Vacation Express denies the allegations of paragraph 37.

38. Vacation Express denies the allegations of paragraph 38, except denies knowledge and information sufficient to form a belief as to the truth of the allegation in paragraph 38 that Tech 7 software is protected by copyright or that the copyright is registered with the Copyright Office of the Library of Congress.

39. Vacation Express denies the allegations of Paragraph 39 of the Complaint and refers to the Sales and Licensing Agreement for its contents.

40. Vacation Express denies the allegations of paragraph 40.

41. Vacation Express denies the allegations of paragraph 41.

42. Vacation Express denies the allegations of paragraph 42.

43. Vacation Express denies the allegations of paragraph 43.

44. Vacation Express denies the allegations of paragraph 44.

45. Vacation Express states that paragraph 45 purports to state conclusions of law as to which no response is required. To the extent a response is required, Vacation Express denies the allegations of paragraph 45.

46. Vacation Express denies the allegations of paragraph 46. Vacation Express also states that the "Wherefore" paragraph that follows paragraph 46 purports to state

conclusions of law as to which no response is required. To the extent a response is required,

Vacation Express denies the Wherefore paragraph following paragraph 46.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof on any matters where the burden rests on

Tech 7, Vacation Express asserts the following affirmative defenses with respect to the claims

Tech 7 purports to assert in the Complaint.

## FIRST AFFIRMATIVE DEFENSE

1.  Tech 7 is barred from bringing this Complaint by the applicable statute of

limitations or repose.

## SECOND AFFIRMATIVE DEFENSE

2.  Tech 7 failed to perform under the Sales and Licensing Agreement.

## THIRD AFFIRMATIVE DEFENSE

3.  Tech 7 has an adequate remedy at law.

## FOURTH AFFIRMATIVE DEFENSE

4.  Tech 7 has waived its right to bring its claims against Vacation Express.

## FIFTH AFFIRMATIVE DEFENSE

5.  Tech 7 is estopped from bringing its claims against Vacation Express.

## SIXTH AFFIRMATIVE DEFENSE

6.  The Complaint is barred by laches.

## SEVENTH AFFIRMATIVE DEFENSE

7.  The Complaint fails to state a cause of action against Vacation Express.

## EIGHTH AFFIRMATIVE DEFENSE

8.  Tech 7 is barred from bringing this action by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

9.    Tech 7 failed to mitigate its damages.

## TENTH AFFIRMATIVE DEFENSE

10. Vacation Express expressly reserves the right to amend and/or supplement its answer, defenses and all other pleadings.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Vacation Express has insufficient knowledge or information upon which to form a belief as to whether there may be additional affirmative defenses available to it, and therefore, reserves the right to assert such additional defenses in the event that discovery indicates they would be appropriate.

Dated:  April 16, 2008                              Respectfully submitted,

**CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP**


_____/s/_____
Samuel Rosenthal
D.C. Bar # 329516
1200 New Hampshire Avenue, N.W.
Suite 430
Washington, D.C. 20036
Tel:  (202) 452-7373
Fax:  (202) 452-7333

Turner P. Smith
Gary L. Cutler
101 Park Avenue
New York, NY  10178
Tel:  (212) 696-6000
Fax:  (212) 697-1559
Email:  tsmith@curtis.com
        gcutler@curtis.com

4516001v1

cc:
David H. Dickieson, Esq.
Schertler & Onorato, LLP
601 Pennsylvania Avenue, N.W.
North Building, 9th Floor
Washington, D.C. 20004
Tel.: (202) 628-4199
Fax: (202) 628-4177
Email: ddickieson@schertlerlaw.com

4516001v1

## CERTIFICATE OF SERVICE

A copy of the foregoing Answer and Affirmative Defenses of Defendant Vacation

Acquisition, LLC has been provided by email and the CM/ECF system to David H. Dickieson,

Esq., ddickieson@schertlerlaw.com on April 16, 2008.


April 16, 2008                              _____/s/_____
New York, NY                                Gary L. Cutler
                                            Curtis, Mallet-Prevost, Colt
                                             & Mosle LLP
                                            101 Park Avenue
                                            New York, NY  10178
                                            Tel:  (212) 696-6000
                                            Fax:  (212) 697-1559
                                            Email:  gcutler@curtis.com

4516001v1