## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **TECH 7 SYSTEMS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No.: 1:08-cv-00436-JDB** |
| | ) | |
| **VACATION ACQUISITION, LLC,** | ) | |
| **d/b/a Vacation Express** | ) | |
| | ) | |
| **Defendant.** | ) | |

## JOINT DISCOVERY PLAN
## AND RULE 16.3(d) REPORT

Pursuant to Local Rule 16.3, the undersigned counsel hereby submit this Joint Discovery Plan and Rule 16.3(d) Report. The undersigned counsel have conferred with respect to the following subjects:

(1)     Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.

**Plaintiff's Position**: The case is likely to be partially disposed of by Plaintiff's motion for summary judgment on the liability issue. The issue of damages will have to be tried to a jury.

**Defendant's Position**: The case is likely to be disposed of by motion for summary judgment by defendant. There are no dispositive motions filed.

(2)     The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

**Joint Position**:  Pleadings must be amended by the last day of discovery:  August 22.

Parties must be joined by June 13.  The parties will discuss narrowing the legal issues.


(3)    Whether the case should be assigned to a magistrate judge for all purposes, including

trial.

**Joint Position**:  The case should not be assigned to a magistrate judge.


(4)    Whether there is a realistic possibility of settling the case.

**Joint Position**:  There is a realistic possibility of settlement.


(5)    Whether the case could benefit from the Court's alternative dispute resolution (ADR)

procedures (or some other form of ADR); what related steps should be taken to facilitate such

ADR; and whether counsel have discussed ADR and their response to this provision with their

clients.

**Plaintiff's Position**:  Mediation would be useful.

**Defendant's Position**:  The case could benefit from Alternative Dispute Resolution.


(6)    Whether the case can be resolved by summary judgment or motion to dismiss; dates for

filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for

a decision on the motions.


**Plaintiff's Position**:   Plaintiff intends to file a motion for partial summary judgment on

the issue of liability following the close of discovery.  Dates will be provided below.

**Defendant's Position**:   The case can be resolved by summary judgment on behalf of

defendant.  Dates will be provided below.

(7)     Whether the parties should stipulate to dispense with the initial disclosures required by

Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or

timing of those disclosures.

**Joint Position**:   The parties should not dispense with initial disclosures.   Initial

disclosures will be due on May 30.

(8)     The anticipated extent to discovery, how long discovery should take, what limits should

be placed on discovery; whether a protective order is appropriate; and a date for the completion

of all discovery, including answers to interrogatories, document production, requests for

admissions, and depositions.

**Plaintiff's Position**:   A protective order may be needed to protect proprietary

information. Plaintiff seeks standard discovery under the Federal Rules of Civil Procedure.

Plaintiff agrees that fact discovery can close on August 22, 2008 with expert discovery ending on

October 10, 2008.

**Defendant's Position**:  Discovery will include document discovery and depositions and a

separate expert discovery period.  Limits on discovery desired by defendant:  no interrogatories

with the exception of damages.  A protective order is appropriate.  The date for completion of all

discovery, with the exception of expert discovery, is:  August 22.  Expert discovery ends on

October 10.

(9)     Whether the requirement of exchange of expert witness reports and information pursuant

to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts

should occur.

**Joint Position**: Fed R.Civ. P 26(a)(2) applies; the parties will discuss entering into any modification of the rules relating to expert discovery.

(10)    In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

**Joint Position**: The case is not a class action.

(11)    Whether the trial and/or discovery should be bifurcated or managed in phase, and a specific proposal for such bifurcation.

**Joint Position**: Bifurcation is not necessary.

(12)    The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

**Plaintiff's Position**: Date for pretrial conference: December 15, 2008.

**Defendant's Position**: Date for pretrial conference:  February 15, 2009

(13)    Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

**Joint Position**: The parties ask that the trial date be set at the pretrial conference.

(14)    Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

4

**Joint Position**:  The parties have no other matters that they request the Court include in the scheduling order.

**Plaintiff's Rule 26(f)(3) questions**:

A.   Initial disclosures:  By May 30, 2008.

B.   Discovery completed by:  August 22, 2008.

C.   Plaintiff will seek immediate electronic discovery of Defendant's use of the software at issue in the case, through remote access and physical inspection on site.

D.   No limitations on discovery apart from the Federal Rules.

**Plaintiff's proposed Trial Schedule**:

December 15, 2008 - pretrial conference.

December 15, 2008 - decision on the motions.

December 1, 2008 - dispositive/summary judgment reply briefs due

November 15, 2008 - dispositive/summary judgment opposition briefs due

November 1, 2008 - dispositive/summary judgment motions due

Expert depositions - before October 10, 2008

Expert rebuttal reports - September 5, 2008

Expert reports due - August 22, 2008

Discovery closes, last day to amend pleadings - August 22, 2008

Initial disclosures due - May 30, 2008

**Defendant's Rule 26(f)(3) questions**:

A.   Initial disclosures:  By May 30, 2008.

B.   Discovery completed by:  August 22, 2008.

C.   There are no issues relating to electronic discovery.

D.  A claw-back provision should be part of the protective order.

E.  No limitations on discovery apart from the Federal Rules, with the exception of no interrogatories.

F.  The parties have no other issues to bring before the Court.

**Defendant's Proposed Trial Schedule**:

February 15, 2009 - pretrial conference.

February 15, 2009 - decision on the motions.

December 19, 2008 - dispositive/summary judgment reply briefs due

December 5, 2008 - dispositive/summary judgment opposition briefs due

November 14, 2008 - dispositive/summary judgment motions due

Expert depositions - September 26 - October 10, 2008

Expert document discovery - September 12 - September 26, 2008

Expert sur-reply - September 12, 2008

Expert rebuttal reports - September 5, 2008

Expert reports due - August 22, 2008

Discovery closes, last day to amend pleadings - August 22, 2008

Expert topics and experts identified to opponent - August 8, 2008

Depositions - July 18 - August 22, 2008

Document discovery completed - July 18, 2008

Responses and Objections to Document requests due; last day to add additional parties - June 13, 2008

Document requests due - June 6, 2008

Initial disclosures due - May 30, 2008

May 14, 2008                                    Respectfully submitted,

                                                SCHERTLER & ONORATO, LLP


                                                ____/s/_____
                                                David H. Dickieson, DC Bar #321778
                                                601 Pennsylvania Avenue, NW
                                                North Building, 9th Floor
                                                Washington, DC 20004
                                                Telephone: (202) 628-4199
                                                Facsimile: (202) 628-4177
                                                ddickieson@schertlerlaw.com

                                                *Counsel for Tech 7 Systems, Inc.*

                                                CURTIS, MALLET-PREVOST, COLT & MOSLE LLP


                                                 /s/_____    _____ _____
                                                Gary L. Cutler
                                                101 Park Avenue
                                                New York, NY 10178
                                                Telephone:  (212) 696-6069
                                                Facsimile:  (212) 697-1559
                                                gcutler@curtis.com

                                                *Counsel for Vacation Acquisition, LLC*

7