UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| TECH 7 SYSTEMS, INC.,<br>840 Courtland Avenue<br>Park Ridge, IL 60068<br><br>                      Plaintiff,<br><br>                      vs.<br><br>VACATION ACQUISITION, LLC, d/b/a<br>VACATION EXPRESS<br>301 Perimeter Center North, Suite 500<br>Atlanta, GA 30346<br>**Resident Agent:**<br>Corporate Service Company<br>2711 Centerville Road, Suite 400<br>Wilmington, DE 19808<br><br>                      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   **Civil Case No. 08-0436**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**OPPOSITION OF VACATION EXPRESS TO
PETITION FOR SHOW CAUSE HEARING FOR CIVIL CONTEMPT**

Defendant, Vacation Acquisition, LLC, ("Vacation Express") by its undersigned attorneys, hereby opposes Plaintiff Tech 7 Systems, Inc.'s Petition for Show Cause Hearing for Civil Contempt.

Plaintiff's decision to seek a contempt hearing is an unfortunate overreaction to the situation. Vacation Express notified Tech 7 on Friday, May 16, that under compelling circumstances it had to make minor changes to the Tech 7 software known as "SpeedRes" See Plaintiff's Exhibit 1 and Defendant's Exhibit 1, attached to this Opposition. Vacation Express made two different types of changes. First, Vacation Express was receiving "Stop Statement" screens from SpeedRes, which made it impossible to continue to run the system. In order to keep from shutting its business down, Vacation Express had to immediately make minor changes to SpeedRes to make the Stop Statement screens go away and to keep Vacation Express's

operations running. The second type of minor change was necessitated by a June 30, 2008 deadline to come into compliance with the Payment Card Industry ("PCI") deadlines for increasing security on all software dealing with third-party credit card data. To remain compliant, Vacation Express was required to move the data file that contained third-party credit card information. The minor change it made to SpeedRes was to tell it where to find the new credit card data file. Vacation Express does not anticipate any further changes are required to comply with PCI standards. Both of these changes involved maintaining the system, not new developments to the system.

The intent of the Court's temporary restraining order could not have been to prohibit minor changes necessary to keep the software functioning. Nor could the Court have intended to prohibit minor changes required to keep Vacation Express compliant with security regulations. This is evident by the fact that the Court did not order Tech 7 to post a bond to compensate Vacation Express for lost business if it were shut down by the types of problems and issues Vacation Express encountered. The practical intent of the temporary restraining order was to allow Vacation Express to make minor changes it needed to make to keep Vacation Express in business.

The point of the temporary restraining order was to prevent changes that would obscure any changes to SpeedRes made in the prior decades the software has been in use. Vacation Express did not make any changes that would obscure any previous changes. As a result, there has been no violation of the purpose of the order.

Tech 7 now requests a denial of any limitations on the access that was afforded Tech 7 by the Court's order of May 16. On May 16, the Court ordered the parties to meet and confer on the conditions of remote access. To reverse this reasonable order to meet and confer

seems to be the whole point of this motion by Tech 7. As we pointed out during the scheduling conference, with unlimited access Tech 7 could modify the current structure or data in the system. As a result, it is imperative that they be given "View Only" access and that the access be run through an intermediate computer that will log its every move within the system. This will prevent modifications and will also guarantee that a record is kept for litigation purposes of everything Tech 7 saw and did. Additionally, Vacation Express requests that Tech 7 be prevented from having access to the operating system. If Tech 7 is allowed access to the operating system, Vacation Express may not be able to protect the operating system from changes to the system Tech 7 may make. Nor with Tech 7's access to the operating system, could Vacation Express protect confidential third-party data in the operating system. Tech 7 would have access to confidential credit card data of third parties and proprietary information and access codes of third-party's such as the reservation services Amadeus and WorldSpan. For these reasons, a blanket order of access is not advisable and may violate confidentiality agreements that exist with third-party's and subject innocent credit card users to potential security breaches. Such a blanket order is not necessitated by the events Tech 7 complains of.

Nor under these circumstances are monetary sanctions warranted. Vacation Express is not in need of coercion to cause compliance. Its actions were minor in nature and undertaken to respond to compelling circumstances. Nor could Tech 7 demonstrate that it was damaged in any way by the maintenance of Vacation Express's system.

For all of the above reasons, Vacation Express respectfully requests that the show

cause motion be denied in all respects.

Dated: May 19, 2008                                    Respectfully submitted,

**CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP**


_____/s/_____
Gary L. Cutler
101 Park Avenue
New York, NY 10178
Tel: (212) 696-6000
Fax: (212) 697-1559
Email: gcutler@curtis.com

cc:
David H. Dickieson, Esq.
Schertler & Onorato, LLP
601 Pennsylvania Avenue, N.W.
North Building, 9th Floor
Washington, D.C. 20004
Tel.: (202) 628-4199
Fax: (202) 628-4177
Email: ddickieson@schertlerlaw.com

## Cutler, Gary L.

**From:** Cutler, Gary L.
**Sent:** Friday, May 16, 2008 4:14 PM
**To:** 'David H. Dickieson'
**Subject:** RE: Tech 7/Vacation Acquisition

David,
I am quite surprised by the vehemence of your reaction.  I am assured that the changes that were made were immaterial and in the nature of maintenance to the system, not development to the software.  I don't believe it was your or the Court's intent to shut down Vacation Express's operations.  Nor was it the Court's intent to prevent changes necessary to maintain the system.  As such these immaterial changes do not violate the Court's order.

Regarding the "bugs" in the system, the SpeedRes program issued "Stop Statement" commands that caused the whole program to quit running.  In order to continue in business, Vacation Express had to make minor changes to cause the "Stop Statement" to go away and it had to do so on an immediate basis.  It is unreasonable for you to expect that Vacation Express would not make these minor changes to continue operating.

As to the Payment Card Industry compliance, Vacation Express is required to separate credit card data from the programming to protect credit card information.  Vacation Express moved its data file for credit cards elsewhere and had to tell the SpeedRes files where to find it.  Vacation Express does not anticipate any further changes are required to comply with Payment Card Industry standards.

It is important to note that the intent of the order was to prevent modifications that would hide any previous changes to the software.  The maintenance made to the software was not intended to hide anything, nor did it have that effect.  Now that discovery has been ordered, this issue has been mooted.  It would have been mooted by either an award of remote access or the provision of a snapshot, which would have been updated.

Clearly, the Court did not intend that Vacation Express be prohibited from making immaterial changes necessary to keep its computer operations running and compliant.  As a result, there has been no "violation" as you allege in your email.
Gary

Gary L. Cutler
Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue
New York, NY 10178
(212) 696-6069
(212) 697-1559 (fax)

-----Original Message-----
From: David H. Dickieson [mailto:ddickieson@schertlerlaw.com]
Sent: Friday, May 16, 2008 12:41 PM
To: Cutler, Gary L.
Cc: richard.dickieson@tech7.com
Subject: RE: Tech 7/Vacation Acquisition


Gary --

Your client's deliberate violation of the Court's order is outrageous.  When did you learn of this?  Why wasn't this violation of the Court's order revealed at this morning's status conference? How could you in good faith continue to argue today at the status conference that a snapshot is sufficient knowing that your client has already violated the Court's order and your specific representation to the Court that the software would not be altered.

We will take the necessary steps to notify the Court of this violation,

1

since you did not notify the Court at the hearing three hours ago.


David H. Dickieson
Schertler & Onorato, L.L.P.
601 Pennsylvania Avenue, NW
North Building, 9th Floor
Washington, DC  20004
(202) 824-1222
Fax:  (202) 628-4177
ddickieson@schertlerlaw.com

-----Original Message-----
From: Cutler, Gary L. [mailto:gcutler@curtis.com]
Sent: Friday, May 16, 2008 12:32 PM
To: David H. Dickieson
Subject: Tech 7/Vacation Acquisition

David,
please see the attached letter.
Gary
Gary L. Cutler
Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue
New York, NY 10178
(212) 696-6069
(212) 697-1559 (fax)


-----Original Message-----
From: printers@cm-p.com [mailto:printers@cm-p.com]
Sent: Friday, May 16, 2008 12:29 PM
To: Cutler, Gary L.
Subject: Scan from a Xerox WorkCentre Pro



Please open the attached document.  It was scanned and sent to you using
a Xerox WorkCentre Pro.

Sent by: Guest [printers@cm-p.com]
Number of Images: 1
Attachment File Type: PDF

WorkCentre Pro Location:  machine location not set Device Name:
36S_Pro55_1


For more information on Xerox products and solutions, please visit
http://www.xerox.com

---
ANY STATEMENTS REGARDING FEDERAL TAX LAW CONTAINED HEREIN ARE NOT
INTENDED OR WRITTEN TO BE USED, AND CANNOT BE USED, FOR THE PURPOSES OF
AVOIDING PENALTIES THAT MAY BE IMPOSED UNDER FEDERAL TAX LAW OR TO
MARKET ANY ENTITY, INVESTMENT PLAN OR ARRANGEMENT.

---
This e-mail, including any attachments, may contain information that is
protected by law as privileged and confidential, and is transmitted for
the sole use of the intended recipient.  If you are not the intended
recipient, you are hereby notified that any use, dissemination, copying
or retention of this e-mail or the information contained herein is
strictly prohibited.  If you have received this e-mail in error, please
immediately notify the sender by telephone or reply e-mail, and
permanently delete this e-mail from your computer system.  Your privacy
is very important to our firm.  Therefore, if this message contains

unsolicited commercial content, you may forward this e-mail to unsubscribe@curtis.com or click here (www.curtis.com/unsubscribe.htm) if you do not want to receive further messages of this nature.  Thank you.

Curtis, Mallet-Prevost, Colt & Mosle LLP (101 Park Avenue, New York, NY 10178)

-5-

## CERTIFICATE OF SERVICE

A copy of the foregoing Opposition of Vacation Express to Petition for Show Cause Hearing for Civil Contempt and Proposed Order has been provided by email and the CM/ECF system to David H. Dickieson, Esq., ddickieson@schertlerlaw.com on May 19, 2008.

May 19, 2008                          /s/
New York, NY                     Gary L. Cutler
                                   Curtis, Mallet-Prevost, Colt
                                      & Mosle LLP
                                   101 Park Avenue
                                   New York, NY  10178
                                   Tel:  (212) 696-6000
                                   Fax:  (212) 697-1559
                                   Email:  gcutler@curtis.com

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

TECH 7 SYSTEMS, INC.,                )
840 Courtland Avenue                 )
Park Ridge, IL 60068                 )
                                     )
            Plaintiff,               )
                                     )
    vs.                              )   Civil Case No. 08-0436
                                     )
VACATION ACQUISITION, LLC, d/b/a     )
VACATION EXPRESS                     )
301 Perimeter Center North, Suite 500)
Atlanta, GA 30346                    )
**Resident Agent:**                  )
 Corporate Service Company           )
 2711 Centerville Road, Suite 400    )
 Wilmington, DE 19808                )
                                     )
            Defendant.               )

## ORDER

This matter having come before the Court upon the Petition for Show Cause Hearing for Civil Contempt of Plaintiff Tech 7 Systems, Inc.

For good cause shown, the Petition is Denied.

**SO ORDERED**

_____
JOHN D. BATES
United States District Judge