UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| TECH 7 SYSTEMS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No.: 1:08-cv-00436-JDB |
| | ) |
| VACATION ACQUISITION, LLC, | ) |
| d/b/a Vacation Express | ) |
| | ) |
| Defendant. | ) |

## REPLY IN SUPPORT OF PETITION FOR SHOW CAUSE HEARING FOR CIVIL CONTEMPT

On May 16, 2008, Vacation Acquisition, LLC ("Vacation Express") notified the undersigned counsel that it had been making, and it intended to continue to make, modifications to the Tech 7 Software System. This notice was given within three hours of the status conference held at 9:00 a.m. before this Court, wherein Vacation Express made no mention of this violation of the Court Order and did not request permission to make modifications. Tech 7 immediately informed Vacation Express that such action was a violation of the Court Order and after Vacation Express indicated that it did not intend to take any steps to notify the court of this violation, Tech 7 filed the Petition for Show Cause Hearing.

On May 19, 2008, Vacation Express filed an opposition to the Petition claiming that Tech 7's Petition is "an unfortunate overreaction" to the modifications to the Tech 7 software system. The Vacation Express opposition brief, however, merely exacerbated the violation by admitting that modifications had been made and claiming that it did not need approval from this Court to

make the modifications. Vacation Express maintains that the modifications are "minor." What does that mean?

The contract which licensed the Tech 7 software system states that Vacation Express was not allowed to modify the software system without the express consent of Tech 7. The Court order mandated that Vacation Express cease any modifications, pursuant to the promise made by Vacation Express' Vice President of Operations. This is not a single action that violates an explicit order of this Court, but rather a series of actions which violate not only the Court Order, but the contract terms at issue. Immediate action is required to convince the Defendant that it is not free to choose which orders and contractual terms it will follow and which orders and terms it will ignore. Immediate action is required to prevent further spoliation of the evidence.

The technical explanation for the modifications provided by Vacation Express in the opposition brief does not stand up to scrutiny. Vacation Express argues that it needed to comply with a June 30, 2008 deadline for compliance with the Payment Card industry security requirement. First, Vacation Express failed to state what "compelling circumstance" prevented it from seeking Court approval to make this modification prior to June 30, 2008, more than two months from the date of the Court order. This is obviously not an emergency that required unilateral action contrary to this Court's Order. Second, this modification has been known to the tour industry for well over a year, and in fact should have been completed in 2007. Third, Tech 7 has already devised the appropriate modification which fits with the Tech 7 system, and the contractual restrictions on modifications is to prevent precisely this sort of *ad hoc* modifications that may interfere with the Tech 7 system in the future. Vacation Express fails to justify its violation of this Court's Order.

Vacation Express also overstates the "compelling circumstances" for the modifications regarding the "Stop Statement" screens. The Stop Statement screens apply only to individual users, not the software system as a whole. Thus, the Stop Statement screen would not cause the business to "shut down" as falsely claimed by Vacation Express. These screen warnings are usually caused by a user inputting incorrect data (e.g., an "&" sign where the system expects numbers, etc.). The screen warnings are a result of program modifications that don't filter out this extraneous data and most likely were caused by improper programming that was done by Vacation Express in prior modifications. These Stop Statement screens were unlikely to be a new issue for Vacation Express and were undoubtedly anticipated by the Vice President of Operations at the time that he swore an oath not to make any modifications to the software system.

The explanation in the opposition brief belies the arguments offered by counsel for Vacation Express. The explanation is that Vacation Express was receiving "Stop Statement" screens (plural), which made it impossible to continue to run the system. If the Stop Statement Screen made it impossible to run the system, Vacation Express would not have received more than one of them. Obviously, Vacation Express continued to run the software system after receiving one Stop Statement screen. The notion that such screens would have forced the business to "shut down" is unsupported hyperbole. In any event, Vacation Express should have immediately notified this Court of the issue when it arose. Had it done so, a Tech 7 module could have been installed with Plaintiff's consent and Court permission.

Vacation Express then seeks to deflect attention from its clear violation of the Court's Order by arguing that Tech 7 needs limitations on any access to the Tech 7 system. Tech 7 accesses numerous other clients' Tech 7 systems on a regular basis. Such access is routinely

3

carried out with no damage to the software system. Tech 7 has a contractual right to access the system, and counsel for Vacation Express previously argued that Tech 7 should be denied the TRO because it would receive access during discovery. Ironically, Vacation Express argues that access must be routed through a third party. Such routing "will prevent modifications and will also guarantee that a record is kept for litigation purposes of everything that Tech 7 saw and did." Opposition Brief, p. 3. How can Vacation Express make this argument knowing that it is violating the Court's Order by modifying the system and presenting no litigation record of those modifications and no sworn statement as to precisely what modifications have been made since the order was entered?

Consequently, the Plaintiff maintains that good cause exists for scheduling a show cause hearing to determine precisely what modifications have been made since the Court Order was entered and then to make a determination as to the appropriate remedy/sanction for the deliberate violation of the Court's Order. The Petition should be granted.

May 22, 2008                                          Respectfully submitted,

                                                      SCHERTLER & ONORATO, LLP


                                                      _____/S/_____
                                                      David H. Dickieson
                                                      D.C. Bar #321778
                                                      601 Pennsylvania Avenue, NW
                                                      North Building, 9th Floor
                                                      Washington, DC 20004
                                                      Telephone: (202) 628-4199
                                                      Facsimile: (202) 628-4177
                                                      ddickieson@schertlerlaw.com

                                                      *Counsel for Tech 7 Systems, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing Reply in Support of Petition for Show Cause Hearing for Civil Contempt was, this 22nd day of May, 2008, served via ECF upon the following counsel:

Gary L. Cutler
CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
101 Park Avenue
New York, NY 10178
Telephone:  (212) 696-6069
Facsimile:  (212) 697-1559
gcutler@curtis.com

Priya Swaminathan, Esq.
CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
101 Park Avenue
New York, NY 10178
Telephone:  (212) 696-8873
Facsimile:  (917) 368-8873
pswaminathan@curtis.com

                              /s/
                            David H. Dickieson