UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **TECH 7 SYSTEMS, INC.**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 1:08-cv-00436-JDB |
| | ) | |
| **VACATION ACQUISITION, LLC,** | ) | |
| d/b/a Vacation Express | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S RULE 26(a) DISCLOSURES

The Plaintiff, Tech 7 Systems, Inc., hereby provides the following disclosures mandated by Rule 26(a) of the Federal Rules of Civil Procedure:

Rule 26. Duty to Disclose; General Provisions Governing Discovery

**(a) Required Disclosures.**

(1) Initial Disclosures.

(A) *In General*. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information — along with the subjects of that information — that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment:

Richard Dickieson
840 Courtland Avenue
Park Ridge, Illinois 60068
847-518-8472

William Langley
3704 SW Spring Garden Street
Portland OR 97219
503-245-2112

Marina Yarmosh
9300 NW Murdock Street
Portland OR 97229
503-245-2112

       (ii) a copy — or a description by category and location — of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment:

The following files shall be transmitted electronically to Defendant's counsel:

1. Vacation Express Contract File

2. Vacation Express Correspondence Files

   a.  1990

   b.  1994

   c.  1995 – 96

   d.  2000

3. Vacation Express Upgrade 2000

4. Vacation Express Upgrade

5. Internet Advertisements

(iii) a computation of each category of damages claimed by the disclosing party — who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered:

See Demand Letter of January 9, 2008 for initial calculation of damages

(iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

None

May 30, 2008

Respectfully submitted,

SCHERTLER & ONORATO, LLP

_____/S/_____
David H. Dickieson
D.C. Bar #321778
601 Pennsylvania Avenue, NW
North Building, 9th Floor
Washington, DC 20004
Telephone: (202) 628-4199
Facsimile: (202) 628-4177
ddickieson@schertlerlaw.com

*Counsel for Tech 7 Systems, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiff's Rule 26(a) Disclosures was, this 30th day of May, 2008, served via ECF upon the following counsel:

Gary L. Cutler
CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
101 Park Avenue
New York, NY 10178
Telephone:  (212) 696-6069
Facsimile:  (212) 697-1559
gcutler@curtis.com

Priya Swaminathan, Esq.
CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
101 Park Avenue
New York, NY 10178
Telephone:  (212) 696-8873
Facsimile:  (917) 368-8873
pswaminathan@curtis.com


/s/
David H. Dickieson