## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

TECH 7 SYSTEMS, INC.,

      Plaintiff,

          v.

VACATION ACQUISITION, LLC, d/b/a
VACATION EXPRESS,

      Defendant.

Civil Action No.  08-0436 (JDB)

## ORDER

On March 13, 2008, plaintiff Tech 7 Systems, Inc. ("Tech 7") filed a motion for a

temporary restraining order against defendant Vacation Acquisition, LLC, d/b/a Vacation

Express ("Vacation Express"), seeking to enjoin Vacation Express from preventing remote

electronic access to and physical inspection of Vacation Express's software system, which

allegedly violates Tech 7's contractual rights derived from a contract dating back to 1990.  In

opposition to the motion, Vacation Express argued that there was no need for the requested relief

since it would take a snapshot of the software system to preserve the evidence for the pendency

of the case.  Vacation Express's Vice President of Operations Gantt Cookson also declared under

penalty of perjury that the company would "not make any modifications during the pendency of

the litigation."  Decl. of Gantt Cookson ¶ 13.  Vacation Express argued that based upon these

protections, the status quo would be maintained, Tech 7 would not be prejudiced, and Tech 7

would preserve "its legal remedy in standard discovery procedures."  Def.'s Opp. to Mot. for

Emergency Injunctive Relief at 5.  Relying on Vacation Express's representations, the Court

denied Tech 7's motion, ordered Vacation Express to take a snapshot of the entire software

system, and ordered Vacation Express to "make no further modifications of the software system

in dispute pending further order of the Court."  March 21, 2008 Order, Dkt. Entry No. 7.

Vacation Express now nonchalantly concedes that it has made two different

modifications to the system that postdate the Court's March 21, 2008 order.  In one instance,

Vacation Express claims that the modification was necessitated by a June 30, 2008 deadline for

compliance with Payment Card Industry security requirements -- a deadline that is still one

month away.  Vacation Express never sought Court approval before making the modifications,

and Vacation Express never attempted to inform the Court of its actions until Tech 7 filed a

petition for a show cause hearing.  Even at the May 16, 2008 status conference held with the

Court, Vacation Express was silent regarding this issue.  Instead, Vacation Express chose to

inform Tech 7 of the modifications less than three hours after the status conference had ended.

Because Vacation Express has now conceded that it made two modifications without

Court approval and because the unequivocal language of the Court's March 21, 2008 order

requires no further modifications without Court approval, the Court finds Vacation Express to be

in clear violation of the Court's order.  The Court will therefore grant Tech 7's request for

immediate access to the software system in dispute -- without the limitations requested by

Vacation Express -- to prevent any potential spoliation of evidence and to facilitate full

discovery.  Because the Court is not in a position at this time to determine whether any additional

sanction is warranted, Tech 7's discovery access shall also encompass all information relevant to

this contempt proceeding in order to determine the extent of Vacation Express's violation and any

ensuing damage to Tech 7.  The Court hereby reaffirms that the March 21, 2008 order is still in

effect and requires Vacation Express to make no further modifications to the software system

without prior leave of Court.

Accordingly, it is hereby

**ORDERED** that [15] Tech 7's Petition for Show Cause Hearing for Civil Contempt is

**GRANTED IN PART** and **DENIED IN PART**; it is further

**ORDERED** that Tech 7's request for a show cause hearing is **DENIED**; it is further

**ORDERED** that Tech 7 shall have immediate access to the software system in dispute by

remote electronic access and by physical inspection of the software system at Vacation Express's

offices, with the assistance of Vacation Express if necessary; and it is further

**ORDERED** that the Court shall defer ruling on Tech 7's request for monetary sanctions

until appropriate discovery on this issue has been completed.

**SO ORDERED**.

/s/ John D. Bates
JOHN D. BATES
United States District Judge

Dated:  May 30, 2008