UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| TECH 7 SYSTEMS, INC.,<br>840 Courtland Avenue<br>Park Ridge, IL 60068<br><br>      Plaintiff,<br><br>vs.<br><br>VACATION ACQUISITION, LLC, d/b/a<br>VACATION EXPRESS<br>301 Perimeter Center North, Suite 500<br>Atlanta, GA 30346<br>**Resident Agent:**<br> Corporate Service Company<br> 2711 Centerville Road, Suite 400<br> Wilmington, DE 19808<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Case No. 08-0436-JDB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### MOTION of VACATION ACQUISITION, LLC D/B/A VACATION EXPRESS FOR MODIFICATION OF TEMPORARY RESTRAINING ORDER

1. Defendant Vacation Acquisition, LLC, d/b/a Vacation Express ("Vacation Express") moves this Court for emergency relief seeking a limited modification of the Temporary Restraining Order to allow Vacation Express to make minor fixes to the Tech 7 software where the system's functions are at risk.

2. Stop Statements arise unexpectedly during the use of SpeedRes. When this occurs, the program that is running may cease functioning. To continue working with the program, it is necessary to immediately fix the software. These are minor adjustments, but they do involve the underlying source code. See Declaration of Robert Meeks in Support of the Motion of Vacation Acquisition, LLC d/b/a Vacation Express To Modify the Temporary Restraining Order ("Meeks Decl."), ¶ 3. Without a modification to the Court's temporary restraining order, Vacation Express will not be able to maintain the software and continue its

business of booking flights, vacations and hotels. Meeks Decl., ¶ 4. Without the requested modification, the Restraining Order will put Vacation Express out of business. This cannot have been the Court's intention with the Temporary Restraining Order or for that matter Plaintiff's goal in seeking the relief it did.

3. In its Reply In Support of Petition for Show Cause Hearing For Civil Contempt, attorney for plaintiff disputed that the system shuts down when Stop Statements occur, stating: "The Stop Statement screens apply only to individual users, not the software system as a whole. Thus, the Stop Statement screen would not cause the business to "shut down" as falsely claimed by Vacation Express." See Reply In Support of Petition for Show Cause Hearing For Civil Contempt, p. 2. Undoubtedly, plaintiff will make the same argument here. This statement is without basis. Tech 7's last involvement in the maintenance of this particular system was in 1997. It is Vacation Express's experience that a Stop Statement shuts down the functioning of the whole program in which it appears. See Meeks Decl., ¶¶ 3, 4, 7. Plaintiff also argues that Stop Statements are usually caused by a user inputting incorrect data. While the input of incorrect data does cause a Stop Statement, such instances do not require repair and are not the subject of this motion for modification. See Meeks Decl., ¶ 7.

4. Defendant proposes that it also manually log all repairs so that plaintiff will be fully informed of what occurred for purposes of the litigation.

5. Currently, the temporary restraining order reads: "**ORDERED** that defendant shall make no further modifications of the software system in dispute pending further order of the Court." Vacation Express respectfully asks that the temporary restraining order be changed to read, "**ORDERED** that defendant shall make no further modifications of the software system in dispute, until further order of the Court. Vacation Express may make those repairs required to

maintain the full operation of the system. Defendant shall keep a log of all changes it makes to the software to maintain it."

   6. We apologize that this issue was not brought to the Court's attention at the time the nature of the temporary restraining order was being litigated.

Dated: June 2, 2008

            **CURTIS, MALLET-PREVOST, COLT**
              **& MOSLE LLP**

              /s/
            Jeffrey I. Zuckerman
            D.C. Bar #369120
            1200 New Hampshire Avenue, N.W.
            Suite 430
            Washington, D.C. 20036
            Tel: (202) 452-7373
            Fax: (202) 452-7333

            Admitted pro hac vice:
            Gary L. Cutler
            Priya Swaminathan
            Curtis, Mallet-Prevost, Colt
              & Mosle LLP
            101 Park Avenue
            New York, NY 10178
            Tel: (212) 696-6000
            Fax: (212) 697-1559
            Email: gcutler@curtis.com
               pswaminathan@curtis.com

Of Counsel:
Turner Smith
Curtis, Mallet-Prevost, Colt
 & Mosle LLP
101 Park Avenue
New York, NY 10178
Tel: (212) 696-6000
Fax: (212) 697-1559
Email: tsmith@curtis.com

cc:
David H. Dickieson, Esq.
Schertler & Onorato, LLP
601 Pennsylvania Avenue, N.W.
North Building, 9th Floor
Washington, D.C. 20004
Tel.: (202) 628-4199
Fax: (202) 628-4177
Email: ddickieson@schertlerlaw.com

## **CERTIFICATE OF SERVICE**

A copy of the foregoing Motion of Vacation Acquisition, LLC d/b/a Vacation Express for Modification of Temporary Restraining Order, the accompanying Declaration of Robert Meeks in Support of The Motion of Vacation Acquisition, LLC d/b/a Vacation Express For Modification of Temporary Restraining Order and the Proposed Order have been provided by email and by the CM/ECF system to David H. Dickieson, Esq., ddickieson@schertlerlaw.com on June 2, 2008.

June 2, 2008  
New York, NY

          /s/  
Priya Swaminathan  
Curtis, Mallet-Prevost, Colt  
 & Mosle LLP  
101 Park Avenue  
New York, NY 10178  
Tel: (212) 696-6000  
Fax: (212) 697-1559  
Email: pswaminathan@curtis.com

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

TECH 7 SYSTEMS, INC., )
840 Courtland Avenue )
Park Ridge, IL 60068 )
)
)
      Plaintiff, )
)
vs. ) Civil Case No. 08-0436
)
VACATION ACQUISITION, LLC, d/b/a )
VACATION EXPRESS )
301 Perimeter Center North, Suite 500 )
Atlanta, GA 30346 )
**Resident Agent:** )
Corporate Service Company )
2711 Centerville Road, Suite 400 )
Wilmington, DE 19808 )
)
      Defendant. )

### DECLARATION OF ROBERT MEEKS IN SUPPORT OF THE MOTION OF VACATION ACQUISITION, LLC D/B/A VACATION EXPRESS TO MODIFY THE TEMPORARY RESTRAINING ORDER

Pursuant to 28 U.S.C. § 1746, I, Robert Meeks, declare under the penalty of perjury:

1. I am in charge of the IT function at defendant Vacation Acquisition, LLC d/b/a Vacation Express ("Vacation Express").

2. I make this Declaration in support of the motion of Vacation Express to modify the temporary restraining order to allow Vacation Express to make minor fixes to its software program.

3. SpeedRes, the software acquired in the early 1990s from Tech 7, is a menu system in which each menu calls other menus and those menus call other programs. When one of the called programs stops working, the software puts up on the screen "Stop Statement at nnnn In xxxx" (where nnnn is a program line number and xxxx is the program that had the problem).

To fix the problem, a programmer opens up program xxxx, locates line nnnn and then fixes the problem. This is a minor adjustment, but does involve the underlying source code. The repair is maintenance to keep the software working. Accordingly, we did not view a repair as a modification to the software, which would occur, for example, with a new development to the software. The repair is similar to the repair one would make to an automobile. Such a repair is not the same as modifying the car to soup it up or create new features on the body of the car. It is for this reason that it did not occur to us that such minor repairs would be construed by the Court as a violation of the temporary restraining order.

      4. Depending upon which program stops working, the fact that the program has stopped working can have devastating results on Vacation Express's business. For example, if the program that allows us to sell a particular airline's ticket shuts down, we cannot sell a ticket for that airline until the problem is fixed. Other examples of devastating program shut downs would be the malfunctioning of programs that allow us to print online manifests or cut checks. Similarly devastating would be malfunctions that corrupt data files such as the customer list, the general ledger, the master inventory file or the APIS no fly list. Even if the Stop Statement does not lock down the program, it can corrupt the program, which will have an insidious impact on future operations unless corrected immediately.

      5. The error in a particular program occurs unexpectedly. As a result, it is not possible to predict which programs will malfunction and when that will occur. Because of this, the temporary restraining order, to the extent it prohibits Vacation Express from fixing problems in the software, will have the effect of hampering repairs to the software that can seriously impede or shut down Vacation Express's operations.

      7. In its Reply in Support of Petition for Show Cause Hearing for Civil Contempt, plaintiff disputed that the system shuts down when Stop Statements occur. As noted

4678042v1

above, plaintiff's statement is without basis. Tech 7 also argues that Stop Statements are usually caused by a user inputting incorrect data. While the input of incorrect data can cause a Stop Statement, such instances do not require repair and are not the subject of this motion for modification.

      8. Vacation Express will keep a log of repairs to the software system. As a result, Tech 7 will be fully informed of the repairs to the software for purposes of this litigation.

      9. I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 2, 2008.
Atlanta, Georgia

                                      */s/ Robert Meeks*
                                      Robert Meeks
                                      Vacation Express

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| TECH 7 SYSTEMS, INC.,<br>840 Courtland Avenue<br>Park Ridge, IL 60068<br><br>            Plaintiff,<br><br>    vs.<br><br>VACATION ACQUISITION, LLC, d/b/a<br>VACATION EXPRESS<br>  301 Perimeter Center North, Suite 500<br>  Atlanta, GA 30346<br>**Resident Agent:**<br>  Corporate Service Company<br>  2711 Centerville Road, Suite 400<br>  Wilmington, DE 19808<br><br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Case No.  08-0436<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

This matter having come before the court upon the Motion for Modification of the Temporary Restraining Order by defendant Vacation Acquisition, LLC d/b/a Vacation Express.

The Motion is Granted and the Temporary Restraining Order, dated March 21, 2008 is modified to read: **ORDERED** that defendant shall make no further modifications of the software system in dispute, until further order of the Court. Vacation Express may make those repairs required to maintain full operation of the system. Defendant shall keep a log of all changes it makes to the software to maintain it.

**SO ORDERED**

This _____ day of June, 2008

_____
John D. Bates
United States District Judge

4678902v1