UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TECH 7 SYSTEMS, INC., <br> 840 Courtland Avenue <br> Park Ridge, IL 60068 <br><br>       Plaintiff, <br><br>   vs. <br><br> VACATION ACQUISITION, LLC, d/b/a <br> VACATION EXPRESS <br> 301 Perimeter Center North, Suite 500 <br> Atlanta, GA 30346 <br> **Resident Agent:** <br> Corporate Service Company <br> 2711 Centerville Road, Suite 400 <br> Wilmington, DE 19808 <br><br>       Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Case No. 08-0436-JDB |

**SUR-SUR-REPLY OF VACATION ACQUISITION, LLC D/B/A VACATION EXPRESS
ON MOTION FOR MODIFICATION OF TEMPORARY RESTRAINING ORDER**

Defendant Vacation Acquisition, LLC, d/b/a Vacation Express ("Vacation Express") replies to Surreply of Tech 7 Systems, Inc. To Support The Opposition to The Opposition To The Motion To Modify TRO. Normally, a Sur-sur-reply would not be required. However, counsel for Tech 7's comments are so offensive and intemperate, that a Sur-reply is warranted. Tech 7's strategy throughout this litigation has been to accuse Vacation Express and its counsel of making false statements to the Court rather than addressing the merits of the case. In each filing on this motion, Mr. Dickieson has accused Vacation Express and its counsel of misrepresenting certain facts or documents, all without introducing one sworn statement to back up his accusations. Without merit, he now engages in ad hominem attacks, not only on the corporate entity, but also on counsel for Vacation Express.

Mr. Dickieson employs the words "misrepresentation" and "false statement" in connection with Vacation Express's Reply when, in fact, everything that was written in that document are directly stated in or implied from the exhibits to the Reply. These are all exhibits produced by Tech 7 from its files in initial disclosure. Mr. Dickieson even accuses counsel of making legal arguments that are false. Legal arguments can be wrong, but they can't be false. Mr. Dickieson's rhetoric is beyond the pale of normal advocacy and we respectfully ask the Court to admonish Mr. Dickieson for his intemperance and disrespect.

With this Sur-reply, Mr. Dickieson has violated General Principles 1 and 3 of the D.C. Bar Voluntary Standards For Civility in Professional Conduct. Mr. Dickieson's abusive argument fails to "treat all participants in the legal process with respect." See Rules of the United States District Court for the District of Columbia, Appendix B, D.C. Bar Voluntary Standards for Civility In Professional Conduct, General Principle 1. Mr. Dickieson's Sur-reply also violates D.C. Bar Voluntary Standards, General Principle 3 in that he has "engage[d] in offensive conduct directed toward other participants in the legal process [and has] abused[d] other such participants in the legal proceedings." See D.C. Bar Voluntary Standards, General Principle 3. In order to prevent further behavior of this sort during the pendency of this litigation, we respectfully request that the Court admonish Mr. Dickieson.[1]

After one overcomes the many fulminations in Tech 7's Sur-reply, the point that stands out glaringly is that Tech 7 fails to address Exhibits 1-4 to the Reply, which clearly support the same points that flow from Exhibit 5. Exhibit 5 is the fax and handwritten note that

---

[1] Mr. Dickieson and his client come to this Court with unclean hands. Tech 7's document production was due on July 9. With the exception of two documents produced yesterday, Tech 7 has utterly failed to produce a whole range of responsive documents. Among the items requested, but not produced, are copies of documents taken by Tech 7 from its review of Vacation Express's software system. While Mr. Dickieson feels no lack of compunction about using those documents freely in this motion, he has steadfastly failed to produce them to Vacation Express. There may be other documents that Mr. Dickieson is hiding from Vacation

indicate Tech 7 was freely allowing its customers to self-modify source code in 1995. Exhibits 1-4 demonstrate that in 1998 through 2000, Tech 7 was aware of and ratified Vacation Express's self-modification, maintenance and repair of its own SpeedRes system and the use of an outside vendor to make those modifications. From these documents, it is clear that Tech 7 is barred by laches, waiver and estoppel from arguing that Vacation Express currently has no right to make its own modifications to SpeedRes. Not only does Tech 7 not address these exhibits, he fails to cite one case to rebut the cases cited by Vacation Express in its Reply.

Exhibit 5, a document that Vacation Express provided the Court, speaks for itself. The relevant language from the fax, which was sent by a Vacation Express employee to an employee of Tech 7, is:

> Good Day! I have been assigned the task of gathering information regarding the source code. What would be the charge for the source code access?
>
> Once we take over the sourcecode – What are our limitations? Yours?

What is implied from the context of the language is that Tech 7 had previously contacted Vacation Express and offered Vacation Express access to the source code. Clearly, the Vacation Express employee is gathering information on the offer. From the context, it is also clear that the fax is not exploring a Vacation Express proposal, but rather, a Tech 7 policy. That is why Vacation Express asks, "What are our limitations? Yours?"

Mr. Dickieson argues that counsel has violated ethical rules by making arguments from the handwriting of a Tech 7 employee on the fax, which indicate the terms by which the source code would be shared. This is utter nonsense. In the normal discourse of the legal system, attorneys argue the clear implications of the words in documents. Counsel's argument is

---

Express that would add further support to this Sur-Sur-reply.

not an occasion for Mr. Dickieson to state that the handwritten language "is falsely presented to the Court" and that it is "grossly misleading." The fact that there is a cross written through the handwriting is inconclusive for the points that Mr. Dickieson argues. The document presents an elaborately articulated program for allowing customers access to the software. Proffering a physical copy of the exhibit to the Court and arguing from the document, are certainly not occasions for Mr. Dickieson to be hurling ad hominem attacks against Vacation Express's counsel. While Mr. Dickieson claims that the handwriting is "an internal notation by an employee that was rejected by her boss," he offers no sworn evidence of his position. Nor even if he could offer such evidence, would such evidence detract from what Exhibit 5 clearly states on its face. There certainly is no basis for the Court to conclude that the arguments advanced by Vacation Express are incorrect. Finally, there is no basis for Mr. Dickieson to state, as he does, that counsel "deliberately sought to mislead this Court and violated his obligation of candor to the Court." For this statement, we respectfully request that the Court admonish Mr. Dickieson for his irresponsible words.

      Mr. Dickieson also irresponsibly and disrespectfully argues that counsel has made "False Claims of Sole Contractual Remedy," as this section of Tech 7's Sur-reply is entitled. In its Reply, Vacation Express cited and produced to the Court multiple exhibits that demonstrate that Tech 7 ratified self-modification of the source code with the sole consequences of voiding the warranty. Vacation Express also cited the section of the Sales and Licensing Agreement that supports this point. For Mr. Dickieson to argue as he does that counsel has made "false claims" on this legal argument is reprehensible. We respectfully request that Mr. Dickieson be admonished for this.

Tech 7 also accuses Vacation Express of "misrepresenting its history of use." In fact, Vacation Express has been an ongoing business since 1990 with a continuum of history, business purpose and employees. The presence in the Complaint of a breach of contract claim indicates that Tech 7 believes and has alleged the Sales and Licensing Agreement survives the sale of Vacation Express. If the Sales and Licensing Agreement survives, so do the defenses to it. Even if the Sales and Licensing Agreement does not survive, the fact remains that Tech 7 waived its rights in SpeedRes decades ago. Given this waiver, Tech 7 has no copyright interest in SpeedRes. It had not repudiated that waiver until just before it initiated this lawsuit. For Tech 7 to now allege that Vacation Express has no right to a claim of laches, waiver and estoppel is without merit.

Given that Tech 7 legally is barred from bringing its claims, Tech 7's argument about the alleged employment of contractors is beside the point. As noted in Vacation Express's Reply brief, the individuals cited by Mr. Dickieson in his unsworn Opposition brief are the functional equivalent of Vacation Express employees: they have Vacation Express telephone extensions, email addresses, consistent monthly payments and time off from their duties for vacation. Now, for the first time, in its Sur-reply, Tech 7 cites Traci Kriz as another example of a contractor employed by Vacation Express providing repair and service work on the Tech 7 software. In its Reply brief, Vacation Express rightly addressed the issues raised in Tech 7's brief. It cannot be faulted for failing to address every conceivable argument and point that Tech 7 did not make. In fact, Traci Kriz designed the booking engine that Vacation Express uses. The booking engine is not Tech 7 software. Ms. Kriz's primary responsibilities are to maintain and make modifications to the booking engine. The booking engine runs on Red Hat Linux, not SpeedRes. It is written in PHP, not Unibasic like SpeedRes. The booking engine does download

and upload data from databases that reside on SpeedRes, but this does not involve modifications to SpeedRes source code. Vacation Express cannot rule out that in her many years of working for Vacation Express, Ms. Kriz may have made some modifications to SpeedRes source code. However, that was not her primary role at Vacation Express. Ms. Kriz is the functional equivalent of an employee because she has a Vacation Express telephone extension, a Vacation Express email address, receives consistent monthly payments for the same amount from Vacation Express and is allowed time off from her duties for vacation.

Tech 7 also claims that Vacation Express made a "False Claim of Emergency." We refer the Court to Mr. Meeks's sworn affidavit produced in the original moving papers. There Mr. Meeks stated, "[t]he error in a particular program occurs unexpectedly. As a result, it is not possible to predict which programs will malfunction and when that will occur. Because of this, the temporary restraining order, to the extent it prohibits Vacation Express from fixing problems in the software, will have the effect of hampering repairs to the software that can seriously impede or shut down Vacation Express's operation." Meeks Certification, ¶ 5. In two different filings now, Tech 7 has offered nothing to contradict this statement of the need for a change in the temporary restraining order to meet unexpected malfunctions in the software.

### III. CONCLUSION

Tech 7's claims of misrepresentation and falsity are meritless. The exhibits and argument adduced by Vacation Express in its Reply demonstrate that Vacation Express has the right to make modifications to its own system and Tech 7 does not have the right to be the exclusive vendor of those services, as it claims. While this is one of the ultimate questions for this litigation, Vacation Express has presented sufficient evidence that the Temporary Restraining Order should be modified to allow Vacation Express to make its own repairs to the software. Errors in the software system can and will shut down Vacation Express's operations

-7-

unexpectedly.  As a result, Vacation Express respectfully asks the Court to modify the Temporary Restraining Order to allow Vacation Express to make those repairs required to maintain the full operation of the system.

Given the abusive, intemperate, irresponsible and disrespectful remarks of David H. Dickieson, Esq. in Tech 7's Sur-reply brief, Vacation Express respectfully requests the Court to admonish Mr. Dickieson to prevent further abusive behavior on his part in this litigation.

Dated:  July 15, 2008                                   Respectfully submitted,


                                                        **CURTIS, MALLET-PREVOST, COLT
                                                          & MOSLE LLP**


                                                        _____/s/_____
                                                        Jeffrey I. Zuckerman
                                                        D.C. Bar #369120
                                                        1200 New Hampshire Avenue, N.W.
                                                        Suite 430
                                                        Washington, D.C. 20036
                                                        Tel:  (202) 452-7373
                                                        Fax:  (202) 452-7333

                                                        Admitted pro hac vice:
                                                        Gary L. Cutler
                                                        Priya Swaminathan
                                                        Curtis, Mallet-Prevost, Colt
                                                          & Mosle LLP
                                                        101 Park Avenue
                                                        New York, NY  10178
                                                        Tel:  (212) 696-6000
                                                        Fax:  (212) 697-1559
                                                        Email:  gcutler@curtis.com
                                                                    pswaminathan@curtis.com

Of Counsel:
Turner Smith
Curtis, Mallet-Prevost, Colt
 & Mosle LLP
101 Park Avenue
New York, NY  10178
Tel:  (212) 696-6000
Fax:  (212) 697-1559
Email:  tsmith@curtis.com

cc:
David H. Dickieson, Esq.
Schertler & Onorato, LLP
601 Pennsylvania Avenue, N.W.
North Building, 9th Floor
Washington, D.C.  20004
Tel.:  (202) 628-4199
Fax:  (202) 628-4177
Email:  ddickieson@schertlerlaw.com

## CERTIFICATE OF SERVICE

A copy of the foregoing Sur-Sur-Reply Of Vacation Acquisition, LLC d/b/a Vacation Express On Motion for Modification of Temporary Restraining Order has been provided by email and by the CM/ECF system to David H. Dickieson, Esq., ddickieson@schertlerlaw.com on July 15, 2008.

July 15, 2008  
New York, NY

          /s/  
Priya Swaminathan  
Curtis, Mallet-Prevost, Colt  
  & Mosle LLP  
101 Park Avenue  
New York, NY 10178  
Tel: (212) 696-6000  
Fax: (212) 697-1559  
Email: pswaminathan@curtis.com