UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| TECH 7 SYSTEMS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 1:08-cv-00436-JDB |
| ) | |
| VACATION ACQUISITION, LLC, ) | |
| d/b/a Vacation Express ) | |
| ) | |
| Defendant. ) | |

**NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6)**

**PLEASE TAKE NOTICE** that on the date and at the time indicated below, the undersigned counsel for the Plaintiff will take the deposition of the corporate designee of Vacation Acquisition LLC named below for the purpose of discovery or use as evidence at the trial of the above captioned matter, before a Court reporter who is duly authorized to administer oaths.

Said deposition will take place at **601 Pennsylvania Avenue, NW, North Building, 9th Floor, Washington, DC 20004.**

| PERSON(S) TO BE DEPOSED | DATE | TIME |
|---|---|---|
| **Vacation Acquisition, LLC (Vacation Express)** | **August 20, 2008** | **10:00 a.m.** |

Pursuant to this Deposition Notice, Vacation Acquisition, LLC (Vacation Express) should designate one or more persons knowledgeable about the following subjects. If the information sought cannot be recalled without notes or records, please present with the necessary information so that the areas of inquiry presented below, as requested by Plaintiff, may be covered during the deposition:

1. Vacation Express's history of use of the Tech 7 software system.

2. Negotiations with Tech 7 concerning the use, licensing, maintenance, repair, or servicing of the Tech 7 software.

3. All information which support the defenses and/or contentions of Vacation Express in this litigation.

4. All communications with other persons who are not party to this litigation about the use of the Tech 7 system.

5. The representations in the pleadings filed with the court

6. The modifications to the Tech 7 system

7. The configuration of the Tech 7 system

8. The responses to discovery by Vacation Express.

9. Any information provided to or received from any expert witness to be used in this case.

10. The people who have access to the Tech 7 system, either for use of the system or for repair/modification/servicing of the Tech 7 system.

11. The purchase of assets from FlightServ, Inc. and the terms of that transaction.

12. Any rights that Vacation Express claims it has in the Tech 7 system.

13. Any efforts, actions or communications by Vacation Express relating to the possible replacement of the Tech 7 system.

14. Any contracts that relate to the service or maintenance of the Tech 7 system.

July 25, 2008

Respectfully submitted,

SCHERTLER & ONORATO, LLP

_____/s/_____
David H. Dickieson, D.C. Bar #321778
601 Pennsylvania Avenue, NW
North Building, 9th Floor
Washington, DC 20004
Telephone: (202) 628-4199
Facsimile: (202) 628-4177
ddickieson@schertlerlaw.com

*Counsel for Tech 7 Systems, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing Notice of Deposition Pursuant to Rule 30(b)(6) was, this 25th day of July, 2008, served via electronic means upon the following counsel:

Jeffrey I. Zuckerman
CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
1200 New Hampshire Avenue, NW, Suite 430
Washington, DC  20036
Telephone: (202) 452-7373
Facsimile:  (202) 452-7333
jzuckerman@curtis.com
jzuckesq@mail.com

Gary L. Cutler
CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
101 Park Avenue
New York, NY 10178
Telephone:  (212) 696-6069
Facsimile:  (212) 697-1559
gcutler@curtis.com

Priya Swaminathan, Esq.
CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
101 Park Avenue
New York, NY 10178
Telephone:  (212) 696-8873
Facsimile:  (917) 368-8873
pswaminathan@curtis.com

                                                /s/
                                            David H. Dickieson