UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

**TECH 7 SYSTEMS, INC.,**
840 Courtland Avenue
Park Ridge, IL 60068

           Plaintiff,

vs.

**VACATION ACQUISITION, LLC, d/b/a**
**VACATION EXPRESS**
301 Perimeter Center North, Suite 500
Atlanta, GA 30346
**Resident Agent:**
Corporate Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808

           Defendant.

Civil Case No. 08-0436

FILED
AUG 14 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## CONFIDENTIALITY ORDER

IT IS HEREBY ORDERED that:

1. <u>Scope of Order</u>. This Order shall apply to (a) all non-public and Confidential (as hereinafter defined) materials produced in this litigation and all testimony (including deposition testimony) given by any party to the litigation or by any person or entity that is not a party hereto (a "non-party"); and (b) confidential information disclosed during Plaintiff's access to Defendant's software system, specifically (1) personal, third-party information such as social security numbers and other identity information; (2) personal information of employees of Vacation Express; (3) trade secret or other confidential research, development, or commercial information of third-parties ; (4) trade secret or other confidential, development, or commercial information of Vacation Express (collectively "Litigation Materials").

4677504v2

2.  This Order shall not apply to any document, testimony or other information that (a) is already in a receiving party's possession at the time it is produced, (b) becomes generally available to the public other than as a result of disclosure in violation of this Order or in breach of any other legal obligation, or (c) becomes available to a party from a person or party who obtained the document, testimony or other information without any confidentiality restriction.

3.  Litigation Materials and the information derived therefrom shall be used solely for the purpose of preparing for and conducting this litigation or any litigation arising therefrom, and shall not be disclosed or used for any other purpose.

4.  Any party may designate as "Confidential" any Litigation Materials or portions thereof which the party believes, in good faith, constitute, contain, reveal or reflect proprietary or confidential trade secrets or technical, business, financial or personnel information of a current nature or confidential, personal, third party information such as credit card information, social security numbers and dates of birth. If a party produces Litigation Materials that have been produced in another litigation or to any governmental entity and such Litigation Materials have been designated confidential or were accompanied by a request that confidential treatment be accorded them, such Litigation Materials shall be deemed to have been designated "Confidential" for purposes of this Stipulation and Order, with notice to the receiving party of such designation.

5.  Any documents or other tangible Litigation Materials may be designated as "Confidential" by marking every such page or item "Confidential." Such markings will be made in a manner which does not obliterate or obscure the content of the document or other tangible Litigation Material. If Litigation Material is inspected at the location of the party

producing or disclosing Litigation Materials (a "producing party"), all such Litigation Material shall be presumed at such inspection to have been designated as Confidential by the producing party until such time as the producing party provides copies to the party that requested the Litigation Material. Production of Confidential Material for inspection and copying shall not constitute a waiver of confidentiality.

6. Depositions or other testimony may be designated "Confidential" by any one of the following means:

(a) stating orally on the record, with reasonable precision as to the affected testimony, on the day the testimony is given that this information is "Confidential"; or

(b) sending written notice designating, by page and line, the portions of the transcript of the deposition or other testimony to be treated as "Confidential" within 10 days after receipt of the transcripts.

7. The entire transcript of any deposition shall be treated as Confidential Material until thirty days after the conclusion of the deposition. Each page of a deposition transcript designated as Confidential Material shall be stamped, as set forth in paragraph 5 above, by the court reporter or counsel.

8. In the event it becomes necessary at a deposition or hearing to show any Confidential Material to a witness, any testimony related to the Confidential Material shall be deemed to be Confidential Material, and the pages and lines of the transcript that set forth such testimony shall be stamped as set forth in paragraph 5 of this Stipulation.

9. Litigation Materials designated "Confidential" and any copies thereof, and the information contained therein shall not be given, shown, made available or communicated in any way to anyone except:

4677504v2

(a) Judge Bates and his staff and assistants acting in connection with this litigation; and any court acting in a review capacity in connection with this litigation (including clerks and other court personnel (collectively the "Court"));

(b) counsel to the parties, including co-counsel of record for the parties actually assisting in the prosecution or defense of this litigation, and the legal associates and clerical or other support staff who are employed by such counsel or attorneys and are working under the express direction of such counsel or attorneys;

(c) parties and current officers and employees of parties to the extent reasonably deemed necessary by counsel disclosing such information for the purpose of assisting in the prosecution or defense of this litigation;

(d) outside photocopying, graphic production services, litigation support services, or investigators employed by the parties or their counsel to assist in this litigation and computer personnel performing duties in relation to a computerized litigation system;

(e) any person who is a potential fact witness in the litigation, provided, however that a person identified solely in this subparagraph shall not be permitted to retain copies of such Litigation Material;

(f) court reporters or stenographers who record deposition or other testimony in the litigation;

(g) experts or consultants retained in connection with the litigation;

(h) any person who is indicated on the face of a document to have been an author, addressee or copy recipient thereof, provided, however that a person identified solely in this subparagraph shall not be permitted to retain copies of such Litigation Material;

4677504v2

(i) any other person, upon written consent from the party or person who designated such Litigation Materials "Confidential."

10. Before any person included in paragraph 9 (e) or (g) is given access to Litigation Materials designated "Confidential," such person shall be provided with a copy of this Order and shall acknowledge in a written statement, in the form provided as Exhibit A hereto, that he or she has read the Order and agrees to be bound by the terms thereof. Such executed forms shall be retained in the files of counsel for the party who gave access to Litigation Materials to the person who was provided such access. Such executed forms shall not be subject to disclosure unless a showing of good cause is made and the Court so orders.

11. The inadvertent production of privileged or arguably privileged materials shall not be deemed to be either: (a) a general waiver of the attorney-client privilege, the work product doctrine or any other privilege; or (b) a specific waiver of any such privilege with respect to documents being produced or the testimony given. Notice of any claim of privilege as to any document claimed to have been produced inadvertently shall be given within a reasonable period of time after discovery of the inadvertent production, and, on request by the producing party, all inadvertently produced materials as to which a claim of privilege is properly asserted and any copies thereof shall be returned promptly.

12. Nothing in this Order shall prevent any producing party from disclosing or using its own "Confidential" Litigation Materials as it deems appropriate, and any such disclosure shall not be deemed a waiver of any party's rights or obligations under this Order with respect to any other information. If a party or non-party that designates information "Confidential" discloses or uses such "Confidential" Litigation Materials in a manner inconsistent with the claim that such information is confidential, any party may move the Court

4677504v2

for an order removing such "Confidential" designation pursuant to paragraph 13 herein. Nothing in this Stipulation and Order shall impose any restrictions on the use or disclosure by any party of documents, materials, testimony or other information produced as Litigation Material obtained by such party independently of discovery in this litigation.

13. The parties do not waive any right to object to any discovery request, or to the admission of evidence on any ground, or seek any further protective order, or to seek relief from the Court from any provision of this Order by application on notice on any grounds.

14. If any party objects to the designation of any Litigation Materials as "Confidential," the party shall first state the objection by letter to the party that made such designations. The parties agree to confer in good faith by telephone or in person to attempt to resolve any dispute respecting the terms or operation of this Order. If the parties are unable to resolve such dispute within 5 days of such conference, any party may then move the Court to do so. Until the Court rules on such dispute, the Litigation Materials in question shall continue to be treated as "Confidential," as designated.

15. Upon motion, the Court may order the removal of the "Confidential" designation from any information so designated. In connection with any motion concerning the propriety of a "Confidential" designation, the party making the designation shall bear the burden of proof.

16. Within 60 days of the conclusion of this litigation as to all parties, all Litigation Materials designated "Confidential" and all copies or notes thereof shall be returned to counsel for the producing party who initially produced the Litigation Materials, or destroyed, except that counsel may retain their work product and copies of court filings, transcripts, and exhibits, provided said retained documents will continue to be treated as provided in this Order,

4677504v2

as modified by rulings of the Court. If a party chooses to destroy documents after the litigation has concluded, that party shall certify such destruction in writing to the producing party upon written request for such certification by the producing party.

17. Any party may move to modify the provisions of this Order at any time or the parties may agree by written stipulation, subject to further order of the Court, to modify the provisions of the Order. Should any non-party seek access to the Confidential Material, by request, subpoena or otherwise, the party or recipient of the Confidential Material from whom such access is sought, as applicable, shall promptly notify the producing party who produced such Confidential Material of such requested access and shall not provide such materials unless required by law or with the consent of the producing party.

18. This Order shall not apply to any Litigation Materials offered or otherwise used by any party at any hearing held in open court or to any submissions to the Court.

19. Written notice provided pursuant to this Order shall be made to counsel of record by facsimile. For Notice to Plaintiff's counsel, facsimiles should be sent to David Dickieson at (202) 628-4177. For Notice to Defendant's counsel, facsimiles should be sent to Gary Cutler and Priya Swaminathan at (212) 697-1559 and (917) 368-8873.

4677504v2

20. The provisions of this Order shall survive the final termination of the case for any retained Confidential Material thereof.

Dated: August 12, 2008

_____
David H. Dickieson, Esq.
Schertler & Onorato, LLP
601 Pennsylvania Avenue, N.W.
North Building, 9th Floor
Washington D.C. 20004
Tel: (202) 628-4199
Fax: (202) 628-4177
Email: ddickieson@schertlerlaw.com

_____
Gary L. Cutler, Esq.
Curtis, Mallet-Prevost, Colt
  & Mosle LLP
101 Park Avenue
New York, NY 10178
Tel: (212) 696-6000
Fax: (212) 697-1559
Email: gcutler@curtis.com

**SO ORDERED:**

This ___14th___ day of August, 2008

_____
Judge John D. Bates

4677504v2

**EXHIBIT A**

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| **TECH 7 SYSTEMS, INC.,**<br>840 Courtland Avenue<br>Park Ridge, IL 60068<br><br>                              Plaintiff,<br><br>           vs.<br><br>**VACATION ACQUISITION, LLC, d/b/a**<br>**VACATION EXPRESS**<br>301 Perimeter Center North, Suite 500<br>Atlanta, GA 30346<br>**Resident Agent:**<br>Corporate Service Company<br>2711 Centerville Road, Suite 400<br>Wilmington, DE 19808<br><br>                              Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  **Civil Case No.  08-0436**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DECLARATION OF ACKNOWLEDGMENT AND**
**AGREEMENT TO BE BOUND BY CONFIDENTIALITY ORDER**

I, _____, declare under penalty of perjury that:

1.   My address is _____.

2.   My present employer is _____.

3.   My present occupation or job description is _____.

4.   I hereby certify and agree that I have read and understand the terms of the Confidentiality Order in the above-captioned actions. I further certify that I will not use "Confidential" information for any purpose other than this litigation among the parties, and will not disclose or cause "Confidential" information to be disclosed to anyone not expressly

4677504v2

permitted by the Order to receive "Confidential" information. I agree to be bound by the terms and conditions of the Order.

      5.     I understand that I am to retain in confidence from all individuals not expressly permitted to receive information designated as "Confidential," whether at home or at work, all copies of any materials I receive which have been designated as "Confidential," and that I will carefully maintain such materials in a container, drawer, room or other safe place in a manner consistent with the Order. I acknowledge that the return or destruction of "Confidential" materials shall not relieve me from any other continuing obligations imposed upon me by the Order.

      6.     For purposes of enforcing the terms of this Order, I stipulate to the jurisdiction of the Court.

Date: _____

_____
(Signature)

4677504v2