**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

TECH 7 SYSTEMS, INC.,

       Plaintiff,

       v.                        Civil Action No.  08-0436 (JDB)

VACATION ACQUISITION, LLC, d/b/a
VACATION EXPRESS,

       Defendant.

**MEMORANDUM OPINION**

Plaintiff Tech 7 Systems, Inc. ("Tech 7" or "plaintiff") brings this action against defendant Vacation Acquisition, LLC, d/b/a Vacation Express ("Vacation Acquisition" or "defendant") asserting claims for injunctive relief, breach of contract, and copyright infringement[1] that stem from defendant's alleged unauthorized use of Tech 7 software.  Currently before the Court is Vacation Acquisition's motion for summary judgment on all claims based on the affirmative defenses of statute of limitations, laches, waiver, and estoppel.  Tech 7 opposes the motion and asserts that based on the record, Vacation Acquisition has failed to establish the elements of its affirmative defenses and, in any event, there are genuine issues of material fact that preclude summary judgment.  For the reasons set forth below, the Court will deny the motion.

---

[1] The complaint labels Count IV as a claim for "Misappropriation of Intellectual Property."  Compl. at 8.  However, it is clear from the complaint and plaintiff's opposition to the motion for summary judgment that Count IV is a claim for copyright infringement arising under federal copyright law, and the Court will therefore refer to it as such.

## BACKGROUND

Tech 7 provides software and related services to the wholesale travel industry.  See Tech 7 Systems, Inc. Home Page, http://www.tech7.com.  The roots of this dispute trace back to a software licensing agreement ("SLA") entered into by Tech 7 and Vacation Express, Inc. in 1990.  See Compl., Ex. 1.  Under the SLA, Vacation Express, Inc. obtained "[a] perpetual, single system License [for Tech 7's SpeedRes software], revocable on the terms herein stated."  Id. at 1.  The SLA prescribed certain limitations on the scope of Vacation Express, Inc.'s rights.  It provided that "[Vacation Express, Inc.] shall have no ownership interest [in the software, its revisions, modifications, and/or additions provided by Tech 7] other than the aforesaid License to use the software and equipment."  Id.  The SLA also specified that Vacation Express, Inc. "shall not permit any modification to equipment or software furnished by [Tech 7] without the prior written consent of [Tech 7]."  Id.  Similarly, the SLA "may not be assigned or transferred without the express written consent of [Tech 7]."  Id. at 2.  Beyond the foregoing, the SLA also addressed, among other things, the protection of Tech 7's copyright interests in the SpeedRes software, Tech 7's right of access to Vacation Express, Inc.'s system, and hiring restrictions placed on Vacation Express, Inc. regarding former Tech 7 employees.  Id. at 1.

Following the signing of the SLA, Tech 7 provided support services for Vacation Express, Inc.'s system, which included maintenance and customized modifications.  Decl. of Gantt Cookson ("Cookson Decl.") ¶ 4.  Ongoing support services were optional under the SLA. See Compl., Ex. 1 at 3.  In the mid-1990s, the ownership of Vacation Express, Inc. changed and the entity was renamed Vacation Express, LLC.  See Gantt Cookson Dep. ("Cookson Dep.") at 21:12-19.  During this time period, Vacation Express, LLC grew dissatisfied with the

maintenance and support services provided by Tech 7.  See Cookson Decl. ¶¶ 5-7.

Consequently, in or about 1997, Vacation Express, LLC began using another company for such

services, see id. ¶ 8, although its use of the Tech 7 SpeedRes software continued.

      In 1998, Vacation Express, LLC was acquired by MyTravel, PLC, a United Kingdom-

based company, and became part of a MyTravel subsidiary, North American Leisure Group

("NALG").  Compl. ¶ 4; Def.'s Stmt. of Material Facts as to Which There Is No Genuine Issue

("Def.'s SOMF") ¶ 12.  Following the purchase, NALG continued to use both the Vacation

Express name in the marketplace, and Tech 7's SpeedRes system.  Compl. ¶ 16.  For a time,

NALG considered contracting with Tech 7 for maintenance and support services for several of

its travel companies, including Vacation Express.  Id. ¶ 17; Cookson Decl. ¶ 11.  Ultimately,

however, NALG selected another vendor.  Id.  At the time of that decision in 2001, Tech 7

claims that NALG informed it that NALG "would be discontinuing its use of the Tech 7 system."

Compl. ¶ 17.

      Two years thereafter, in 2003, NALG sold the assets of Vacation Express to FlightServ,

Inc.  Id. ¶ 18.  Once again, the new owner continued to use the Vacation Express brand name and

the Tech 7 software system.  Id.  Most recently, in late 2004, the assets of Vacation Express were

sold by FS Tours, Inc., a wholly-owned subsidiary of FlightServ, Inc., to defendant Vacation

Acquisition, LLC.  See Pl.'s Opp'n to Mot. for Summ. J. ("Pl.'s Opp'n"), Ex. 3.  Following in the

footsteps of its predecessors, Vacation Acquisition chose to operate the business under the

Vacation Express name[2] and to continue to use the Tech 7 software.  Compl. ¶ 19.

--------

      [2] In its opposition, plaintiff asserts that throughout the briefing on its motion, defendant "routinely confuses Vacation Acquisition with another legal entity Vacation Express, Inc."  Pl.'s Opp'n at 1 n.1.  Because Vacation Express, Inc. was a signatory to the SLA, this creates the

According to Tech 7, it was not until December 2007 that it first learned of Vacation Acquisition's continued use of its software in operating Vacation Express -- a use that, in Tech 7's belief, had been discontinued by NALG in 2001.  Id.; Decl. of Richard M. Dickieson ("Dickieson Decl.") ¶¶ 5(b)-(c); Compl., Ex. 2.  In January 2008, Tech 7 sent a letter to Vacation Acquisition demanding that the company:  cease use of Tech 7 software immediately, allow Tech 7 immediate access to the software system, and pay damages for its alleged illegal use.  See Compl., Ex. 2 at 1.  This action was commenced on March 13, 2008, shortly after Vacation Acquisition informed Tech 7 that it would not accede to its demands.

## STANDARD OF REVIEW

Summary judgment is appropriate under Rule 56 when the pleadings and the evidence demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The party seeking summary judgment bears the initial responsibility of demonstrating the absence of a genuine dispute of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The moving party may successfully support its motion by "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  Id. (quoting Fed. R. Civ. P. 56(c)).

---

impression, plaintiff contends, that Vacation Acquisition -- operating under the brand name "Vacation Express" -- "has succeeded to any rights that may have been contracted to Vacation Express, Inc. 18 years ago."  Id.  For purposes of resolving this motion, the Court need not grapple with the question whether Vacation Acquisition has succeeded to the contract rights of Vacation Express, Inc., but nonetheless, and to avoid potential confusion, the Court has adopted plaintiff's convention of referring to the entities by their full, legal name or an abbreviated version thereof.

In determining whether there exists a genuine issue of material fact sufficient to preclude summary judgment, the court must regard the non-movant's statements as true and accept all evidence and make all inferences in the non-movant's favor.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  A non-moving party, however, must establish more than the "mere existence of a scintilla of evidence" in support of its position.  Id. at 252.  By pointing to the absence of evidence proffered by the non-moving party, a moving party may succeed on summary judgment.  Celotex, 477 U.S. at 322.  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  Anderson, 477 U.S. at 249-50 (internal citations omitted).  Summary judgment is appropriate if the non-movant fails to offer "evidence on which the jury could reasonably find for the [non-movant]."  Id. at 252.

Where summary judgment is sought based on an affirmative defense, as it is here, the defendant bears the burden of proof of establishing facts supporting the affirmative defense.  See Hammond v. Chao, 383 F. Supp. 2d 47, 55 (D.D.C. 2005); see also Gull Airborne Instruments, Inc. v. Weinberger, 694 F.2d 838, 843 (D.C. Cir. 1982) (stating that defendant bears the burden of proof to establish affirmative defense of laches).  Moreover, "on a summary judgment motion, '[f]acts not conclusively demonstrated, but essential to the movant's claim, are not established merely by his opponent's silence; rather, the movant must shoulder the burden of showing affirmatively the absence of any meaningful factual issue.'"  Niagara Mohawk Power Corp. v. U.S. Dept. of Energy, 169 F.3d 16, 18 (D.C. Cir. 1999) (quoting Nat'l Ass'n of Gov't Employees v. Campbell, 593 F.2d 1023, 1027 (D.C. Cir. 1978)).

## DISCUSSION

Because Vacation Acquisition's motion for summary judgment is based exclusively on

affirmative defenses, it bears the burden of establishing facts supporting those defenses. <u>See</u>
<u>Hammond</u>, 383 F. Supp. 2d at 55. This is a burden -- based on the record evidence currently
before the Court -- that Vacation Acquisition cannot meet. Its motion adopts the position that all
facts alleged by Tech 7 that could possibly give rise to a valid claim occurred prior to 2001. <u>See</u>
Stmt. of P. & A. in Supp. of Def.'s Mot. for Summ. J. ("Def.'s Mot.") at 9, 14. Therefore,
Vacation Acquisition argues, Tech 7's claims are time-barred either by the applicable statute of
limitations or by laches, or are barred by waiver or estoppel. <u>See</u> <u>id.</u> at 2-3. In response, Tech 7
maintains that Vacation Acquisition is relying upon the continued use of the Vacation Express
brand name in an attempt to undercut what are valid claims against Vacation Acquisition, LLC --
an entity that only acquired the assets of Vacation Express at the very end of 2004. <u>See</u> Pl.'s
Opp'n at 1 n.1 & 4-6. Cast in this light, Tech 7 argues that Vacation Acquisition's affirmative
defenses are not persuasive because they are based on the faulty premise that there has been
unreasonable delay in prosecuting these claims -- a premise predicated entirely on the mistaken
notion that conduct undertaken by defendant's predecessors in interest is at the heart of these
claims. <u>Id.</u> at 7-15. Moreover, because the two sides have taken such polar views of the relevant
facts -- and all of defendant's affirmative defenses are fact-intensive -- Tech 7 argues that there
are genuine issues of material fact that preclude summary judgment. <u>See</u> <u>id.</u> at 1-3.

  In light of the record evidence before the Court at this time, and drawing all inferences in
Tech 7's favor as the non-movant, as it must, the Court concludes that Vacation Acquisition has
failed to establish the elements of its affirmative defenses and, in any event, that there are
genuine issues of material fact sufficient to preclude summary judgment. Accordingly, the Court

will deny defendant's motion.[3]

## I.   **Statute of Limitations**

### A.   **Count III - Breach of Contract**

Under the SLA, Tech's 7's breach of contract claim is governed by Oregon law.  Compl.,

Ex. 1 at 5, ¶ 8.  The Oregon statute of limitations for a breach of contract claim is six years.  Or.

Rev. Stat. § 12.080 (2008).  A contract action accrues, and hence the statute of limitations begins

to run, when the contract is breached.  Vega v. Farmers Ins. Co., 895 P.2d 337, 340 (Or. Ct. App.

1995), aff'd, 918 P.2d 95 (Or. 1996).  Further, "[i]f independent injuries were caused by

independent acts, each act is a separate breach and the statute of limitations begins to run

separately as to each alleged breach."  Ass'n of Unit Owners of Inn at Otter Crest v. Far West

Fed. Bank, 852 P.2d 218, 224 (Or. Ct. App. 1993).

Here, Vacation Acquisition asserts that "Tech 7's claim for breach of contract is based

upon alleged breaches that Tech 7 was aware of from 1997 to 2000," and therefore is time-

barred.  See Def.'s Mot. at 14.  In support of its argument, Vacation Acquisition relies primarily

upon correspondence from the late 1990s between Tech 7 and Vacation Express, when it was

owned by NALG.  See Def.'s Mot. at 14-16; Decl. of Gary L. Cutler ("Cutler Decl."), Exs. 1-10.

Vacation Acquisition contends that this documentary evidence establishes conclusively that Tech

---

[3] Vacation Acquisition has moved for summary judgment on all four counts of the Complaint, including Counts I and II, which are styled as claims for injunctive relief.  See Compl. ¶¶ 24-31.  Vacation Acquisition concedes that these claims "are derivative of the breach of contract claim."  Def.'s Mot. at 9.  Tech 7 essentially agrees and adds that they are also contingent upon resolution of the copyright infringement claim.  See Tech 7's Opp'n at 17-18. Because the Court concludes that Vacation Acquisition is not entitled to summary judgment on the underlying claims of breach of contract or copyright infringement, it follows that summary judgment is also inappropriate on the derivative claims for injunctive relief.

7 was aware of each breach alleged in the Complaint, see Compl. ¶¶ 32-35, and failed to take action within the limitations period.  See Def.'s Mot. at 14-16; Def.'s Reply to Pl.'s Opp'n to Mot. for Summ. J. ("Def.'s Reply") at 22.

If this action, filed in March 2008, had been brought against NALG based on events that occurred between 1998 and 2001, while NALG still owned Vacation Express, then it would be the open-and-shut untimely action that Vacation Acquisition envisions.  That is not, however, the case.  NALG is, quite obviously, not the party defendant here, and Tech 7 disputes the contention that all alleged breaches occurred prior to 2001 by acknowledging that its claim against Vacation Acquisition could only date back to late 2004 when Vacation Acquisition purchased the assets of Vacation Express from FS Tours, Inc.  See Pl.'s Opp'n at 16.[4]  During that more recent time frame, Tech 7 alleges that, at the very least, breaches occurred due to an unauthorized transfer of the Tech 7 software and unauthorized modifications made to it.  See Compl. ¶¶ 19-20; Dickieson Decl. ¶¶ 5(c)-(e).

Vacation Acquisition bears the burden of proof to establish facts supporting its statute of limitations defense.  See Hammond, 383 F. Supp. at 55.  In this instance, that requires Vacation Acquisition to demonstrate that there are no genuine issues of material fact with respect to the date(s) upon which Tech 7's claim(s) for breach of contract accrued (i.e., that the claims accrued outside the limitations period).  But notwithstanding Vacation Acquisition's effort to focus on events that occurred prior to 2001, Tech 7 has put more recent conduct at issue here -- conduct that Vacation Acquisition has largely failed to address.  Even if some or all of Tech 7's potential

---

[4] Tech 7 also acknowledges the threshold question whether there is even a contractual relationship between the parties, but assumes such a relationship exists for purposes of its statute of limitations argument.  See Pl.'s Opp'n at 15-16 & n.10.

claims against NALG, or any other past owner of Vacation Express, are now time-barred, it does not follow that the claims against Vacation Acquisition based on subsequent events occurring within the six-year limitations period would also be time-barred.  See Far West Fed. Bank, 852 P.2d at 224 ("If independent injuries were caused by independent acts, each act is a separate breach and the statute of limitations begins to run separately as to each alleged breach.").  And it is on those post-2004 claims that Tech 7 has now focused, and for which it may be entitled to relief.  The Court concludes that Tech 7's claims against Vacation Acquisition based on events after it acquired the assets of Vacation Express are timely and may proceed.[5]  Consequently, the Court will deny summary judgment in favor of Vacation Acquisition on Count III based on its statute of limitations defense.

## B.    Count IV - Copyright Infringement

Vacation Acquisition's argument on Count IV mirrors its argument on the breach of contract claim, and fails for similar reasons.  The federal Copyright Act governs Tech 7's claim for copyright infringement.  See 17 U.S.C. § 501.  Under the Copyright Act, a claim for infringement must be "commenced within three years after the claim accrued."  17 U.S.C. § 507(b).  A cause of action for copyright infringement accrues when one has knowledge of the infringement or is chargeable with such knowledge.  Bridgeport Music, Inc. v. Rhyme Syndicate

---

[5] Tech 7 has not argued that the defendant in this action -- Vacation Acquisition -- also acquired pre-existing liabilities of Vacation Express, Inc. (or others) to Tech 7 and that the breach of contract claims did not accrue until after March 2002, and therefore are within the six-year statute of limitations.  Of course, had such assertions been made by Tech 7, there would likely be genuine issues of material fact regarding the accrual of such breach of contract claims, as well as legal and factual issues regarding Vacation Acquisition's assumption of pre-existing liabilities, all of which would require rejection of Vacation Acquisition's statute of limitations defense at this time.

<u>Music</u>, 376 F.3d 615, 621 (6th Cir. 2004); <u>Roley v. New World Pictures, Ltd.</u>, 19 F.3d 479, 481 (9th Cir. 1994).  Moreover, "[b]ecause each act of infringement is a distinct harm, the statute of limitations bars infringement claims that accrued more than three years before suit was filed, but does not preclude infringement claims that accrued within the statutory period."  <u>Bridgeport Music</u>, 376 F.3d at 621.

Vacation Acquisition again asserts that Tech 7's copyright infringement claim is time-barred because it "is based on facts that Tech 7 has known since 1997."  Def.'s Mot. at 9.  In response, Tech 7 contends that following NALG's representation, in 2001, that it was discontinuing use of the Tech 7 software, Tech 7 had no knowledge that NALG -- or any entity that subsequently acquired the assets of Vacation Express, including Vacation Acquisition -- was using its software until late 2007.  <u>See</u> Pl.'s Opp'n at 17; Dickieson Decl. ¶¶ 5(b)-(c), (h); Compl., Ex. 2.  In its reply, Vacation Acquisition asserts that the deposition testimony of Tech 7's president Richard Dickieson establishes just the opposite -- that Tech 7 knew of defendant's alleged infringement for years and took no action.  <u>See</u> Def.'s Reply at 18-19.  Although the parties' dispute regarding the date upon which Tech 7's copyright claims accrued and the extent of Tech 7's knowledge of Vacation Acquisition's continued use of the Tech 7 software appears to be genuine, it is also, for the most part, immaterial.  Because Tech 7 has not alleged that equitable tolling should apply here, the three-year statute of limitations defines the scope of Tech 7's infringement claims.  Hence, any claims accruing, or based on events occurring, after March 2005 are not barred under the applicable three-year limitations period.  Tech 7 has alleged facts that would appear to support such claims, and based on the current record Vacation Acquisition cannot meet its burden of disproving these allegations.  <u>See</u> <u>Hammond</u>, 383 F. Supp. 2d at 55.

Accordingly, the Court concludes that Vacation Acquisition is not entitled to summary judgment on Count IV based on its statute of limitations defense.

## II.   Equitable Affirmative Defenses -- Laches, Waiver, Estoppel

Vacation Acquisition also argues that it is entitled to summary judgment based on the equitable affirmative defenses of laches, waiver, and estoppel.  Here again, Vacation Acquisition bears the burden of proof of establishing the facts supporting its affirmative defenses.  See Hammond, 383 F. Supp. at 55.  For many of the same reasons already set forth above, the Court concludes that Vacation Acquisition has failed to carry its burden with respect to each of these affirmative defenses because genuine issues of material fact exist sufficient to preclude summary judgment.[6]

### A.   Laches

Vacation Acquisition first argues that the doctrine of laches applies to bar all of Tech 7's claims.  To establish a valid laches defense under Oregon law, a defendant must demonstrate that:  "(1) plaintiff[ ] delayed asserting [its] claim[ ] for an unreasonable length of time, (2) with full knowledge of all relevant facts (and laches does not start to run until such knowledge is shown to exist), (3) resulting in such substantial prejudice to defendant that it would be inequitable for the court to grant relief."  Mattson v. Commercial Credit Bus. Loans, Inc., 723 P.2d 996, 1003 (Or. 1986); see also Patterson v. Amundson, 119 P.3d 264, 272 (Or. Ct. App.

---

[6] In its opposition, Tech 7 raises the equitable doctrine of unclean hands, and argues that fact issues underlying the application of the doctrine preclude summary judgment on Vacation Acquisition's equitable affirmative defenses.  Pl.'s Opp'n at 13.  Because the Court concludes that there are independent grounds upon which to deny summary judgment with respect to each of Vacation Acquisition's equitable affirmative defenses, it does not reach the issue of unclean hands.

2005).  With respect to copyright actions, "circuits are split as to whether laches is available as a defense under the Copyright Act."  Broadcast Music, Inc. v. Roger Miller Music, Inc. 396 F.3d 762, 783 n.13 (6th Cir. 2005).[7]  Even those courts that do allow for the application of laches in copyright actions recognize that it will apply only in "unusual circumstances."  Chirco v. Crosswinds Communities, Inc., 474 F.3d 227, 234 (6th Cir. 2007).  Although it appears that the D.C. Circuit has never confronted the specific question whether the doctrine of laches may bar a claim under the Copyright Act,[8] the defense of laches generally "'requires proof of (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense.'"  Pro-Football, Inc. v. Harjo, 415 F.3d 44, 47 (D.C. Cir. 2005) (quoting Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 121-22 (2002)).

        The Court concludes that Vacation Acquisition has failed to establish a valid defense of laches with regard to either the breach of contract claim or the copyright claim because there are genuine issues of material fact sufficient to preclude summary judgment.  First and foremost, there are factual issues regarding whether there was unreasonable delay -- or analogously, a "lack of diligence," Harjo, 415 F.3d at 47 -- in bringing suit here.  These issues relate to the timing of Tech 7's lawsuit in relation to the date when its claims accrued.  Vacation Acquisition rests much of its laches argument on the assertion that Tech 7's case "is based on facts that Tech 7 has known since 1997."  Def.'s Mot. at 9.  Based on this assertion, Vacation Acquisition argues

---

        [7] For example, the Fourth Circuit -- citing separation of powers principles -- has adopted a rule whereby the doctrine of laches is never applied "to bar a federal statutory claim that has been timely filed under an express statute of limitations."  Lyons Partnership, L.P., v. Morris Costumes, Inc., 243 F.3d 789, 798 (4th Cir. 2001).

        [8] The Court will assume, for purposes of this motion only, that the doctrine of laches may act as a bar to a claim under the Copyright Act.

that it should be accorded a rebuttable presumption of laches because Tech 7's claims were brought outside the relevant statute of limitations period.  See Fontana v. Steenson, 929 P.2d 336, 338 (Or. Ct. App. 1996) ("If the action is commenced after the expiration of the analogous statute of limitations, the plaintiff must prove the absence of laches."); Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 837 (9th Cir. 2002) ("[I]f the claim is filed after the analogous limitations period has expired, the presumption is that laches is a bar to suit.").

For the reasons set forth in Part I, supra, Vacation Acquisition cannot be accorded such a presumption because it has failed to establish that there are no genuine issues of material fact regarding the date(s) upon which Tech 7's claims accrued or the date(s) that the statutes of limitations began to run.  To begin with, claims based on events after Vacation Acquisition acquired the assets of Vacation Express in late 2004 are, for the most part, within the applicable statutes of limitations, and hence there is really no laches argument to be made.  As before, Vacation Acquisition seeks to focus attention on events that transpired long before it purchased the assets of Vacation Express -- events that appear only to provide the basis for causes of action against its predecessors in interest.[9]  Tech 7, on the other hand, concentrates its claims on Vacation Acquisition's more recent conduct, and asserts that it has been diligent in protecting its rights by filing suit as soon as practicable after discovering Vacation Acquisition's allegedly unauthorized activities.  See Dickieson Decl. ¶¶ 5(b),(h)-(i).  Vacation Acquisition has simply not met its burden of establishing that there was unreasonable delay or a "lack of diligence," Harjo, 415 F.3d at 47, by Tech 7 in asserting its claims against Vacation Acquisition, and the

---

[9] The Court need not, and does not, reach any conclusion about the transfer or assignment of liabilities to Vacation Acquisition from its predecessors in interest.

Court therefore cannot grant summary judgment to Vacation Acquisition on the basis of laches.

**B.      Waiver**

Vacation Acquisition next contends that Tech 7 has waived its right to assert its claims here.  Under Oregon law, waiver "is the intentional relinquishment of a known right, either in terms or by such conduct as clearly indicates an intention to renounce a known privilege or power.  It involves both knowledge and intent, and is based on the idea of consent, express or implied."  Day-Towne v. Progressive Halcyon Ins. Co., 164 P.3d 1205, 1211 (Or. Ct. App. 2007) (quoting Great Amer. Ins. Co. v. Gen. Ins. Co. of Amer., 475 P.2d 415, 420 (Or. 1970)).  The elements of waiver are the same whether considering a breach of contract claim under Oregon law or a claim of infringement under the Copyright Act.  Compare id., with Capitol Records, Inc. v. Naxos of America, Inc., 262 F. Supp. 2d 204, 211 (S.D.N.Y. 2003) ("A claim of waiver [with regard to a copyright holder] requires proof of an 'intentional relinquishment of a known right with both knowledge of its existence and an intention to relinquish it.'").

It is well-established "that it is inappropriate to resolve issues of credibility, motive, and intent on motions for summary judgment.  It is equally clear that where such issues are presented, the submission of affidavits or depositions is insufficient to support a motion for summary judgment."  Hardin v. Pitney-Bowes, Inc., 451 U.S. 1008, 1008-09 (1981) (Rehnquist, J., dissenting from denial of petition for writ of certiorari); see also United States v. Philip Morris USA, Inc., 327 F. Supp. 2d 8, 12 n.5 (D.D.C. 2004) ("Courts have traditionally held that questions of credibility, motive, and intent . . . are ill-suited for summary judgment .").  In support of its waiver argument, Vacation Acquisition contends that several pieces of correspondence produced by Tech 7 during the course of discovery establish that there has been

an intentional waiver of the company's rights.  See Def.'s Mot. at 17; Def.'s Reply at 13-14;

Cutler Decl., Exs. 6-9.  Tech 7 responds by asserting that "[t]he alleged evidence of a waiver of

rights cited by Vacation Acquisition does not lead to the conclusion claimed by the Defendant."

Pl.'s Opp'n at 8.  Tech 7 emphasizes that Vacation Acquisition's waiver argument hinges on the

factual issue of intent, and argues that in light of the inferences that -- in Tech 7's view -- should

be properly drawn from the evidence, there are genuine issues of material fact concerning intent.

See id. at 7-9.

        Given that Vacation Acquisition bears the burden of establishing facts supporting its

waiver defense, see Hammond, 383 F. Supp. 2d at 55, and drawing all inferences in the non-

movant's (i.e., Tech 7's) favor, the Court concludes that the evidence does not establish that there

has been a waiver here because, at a minimum, there are genuine issues of material fact

concerning Tech 7's intent.  Therefore, the Court is precluded from granting summary judgment

to Vacation Acquisition on the basis of waiver.

        **C.**        **Estoppel**

        Lastly, Vacation Acquisition asserts that Tech 7 should be estopped from asserting its

claims in this action.  Under the doctrine of equitable estoppel, "a person may be precluded by

his act or conduct, or silence when it was his duty to speak, from asserting a right which he

otherwise would have had."  Marshall v. Wilson, 154 P.2d 547, 551-52 (Or. 1944).  To constitute

equitable estoppel under Oregon law "'there must (1) be a false representation; (2) it must be

made with knowledge of the facts; (3) the other party must have been ignorant of the truth; (4) it

must have been made with the intention that it should be acted upon by the other party; (5) the

other party must have been induced to act upon it[.]'"  Day v. Advanced M & D Sales, Inc., 86

-15-

P.3d 678, 682 (Or. 2004) (quoting <u>Coos County v. State of Oregon</u>, 734 P.2d 1348, 1354 (Or. 1987)).  Similar principles of equitable estoppel also apply to copyright actions.  <u>See</u> <u>John G. Danielson, Inc. v. Winchester-Conant Props., Inc.</u>, 322 F.3d 26, 44 (1st Cir. 2003).  To establish equitable estoppel as a defense to a copyright infringement action, the defendant must prove four conjunctive elements:  "(1) the plaintiff must know the facts of the defendant's infringing conduct; (2) the plaintiff must intend that its conduct shall be acted on or must so act that the defendant has a right to believe that it is so intended; (3) the defendant must be ignorant of the true facts; and (4) the defendant must rely on the plaintiff's conduct to its injury."  <u>Carson v. Dynegy, Inc.</u>, 344 F.3d 446, 453 (5th Cir. 2003).

Once again, a failure to demonstrate the element of intent precludes summary judgment on the estoppel defense.  Vacation Acquisition asserts that "Tech 7 is estopped from its claims because it never revealed its intention to assert rights under the SLA that Tech 7 allowed to lie dormant."  Def.'s Mot. at 14.  Tech 7 counters by arguing that "Vacation Acquisition fails to tie the four criteria [for estoppel] to the facts in this case."  Pl.'s Opp'n at 9-10.  At least as far as intent is concerned, the Court agrees with Tech 7.  After a thorough review of both the briefing and the record, the Court concludes that there is no evidence in the record that Tech 7 -- whether by its representations, omissions, or conduct -- <u>intended</u> for Vacation Acquisition to rely upon Tech 7's representations, omissions, or conduct to its detriment.  Because questions of intent are ill-suited for summary judgment, <u>see</u> <u>Philip Morris</u>, 327 F. Supp. 2d at 12 n.5, Vacation Acquisition bears the burden of proof, and Tech 7 is entitled to all inferences in its favor as the non-moving party, summary judgment is inappropriate on the basis of estoppel.

**<u>CONCLUSION</u>**

For the foregoing reasons, the Court will deny Vacation Acquisition's motion for

summary judgment.  A separate Order accompanies this Memorandum Opinion.


 _____/s/ John D. Bates_____
 JOHN D. BATES
 United States District Judge


Dated:  <u>February 2, 2009</u>